945 F.2d 411
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Isa Abdullah R. SHABAZZ, Plaintiff-Appellant,
v.
Jerry JOHNSON, Deputy Director, Stephen Kaiser, Warden,
Defendants-Appellees.
Isa Abdullah Ramadan SHABAZZ, Plaintiff-Appellant,
v.
Jari ASKINS, Carolyn Crump, Marzee Douglas, Carl B. Hamm,
Farrell Hatch, Oklahoma Pardon and Parole Board,
Defendants-Appellees.
 Nos. 91-6005, 91-6054.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 3, 1991.
 
 Before McKAY, Chief Judge, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, these cases are ordered submitted without oral argument.[1]
 
 Appeal Nos. 91-6005 and 91-6054
 BACKGROUND
 
 2
 Although the factual history of this case is somewhat lengthy, a detailed recitation is necessary in order to understand the merits of the issues raised on appeal. On March 16, 1990, the plaintiff-appellant, Isa Abdullah R. Shabazz, filed a civil rights suit under 42 U.S.C. § 1983 in the United States District Court for the Western District of Oklahoma against the Deputy Director and the Warden of Lexington Correctional Center prison, the defendants-appellees, alleging interference with his First Amendment religious freedoms. Specifically, he claimed that prison officials were denying him the opportunity to practice his religious briefs on a weekly basis in a designated meeting place. He further claimed that he was denied access to various religious books, video cassettes, and tapes. Finally, he claimed that he was denied the opportunity to conduct fund raising activities so that his religious sect could purchase religious materials. Shabazz requested declaratory and injunctive relief as well as compensatory and punitive damages.
 
 
 3
 On July 19, 1990, the defendants filed a motion to dismiss stating that the religious materials Shabazz requested were already available. In addition, the defendants claimed that Shabazz's initial request for permission to create a group called the "Black Arts and Craft Club," which would sell various trinkets to visitors in order to raise funds to purchase materials, was rejected on the grounds that it was racially discriminatory.
 
 
 4
 On August 16, 1990, Shabazz filed a supplemental complaint, in which he restated the original claims and added an additional claim that prison officials were infringing on his religious rights by referring to him by his "Christian slave name" and not by his Islamic name. Shabazz noted that he had legally changed his name from Jimmy Phillips to Isa Abdullah Ramadan Shabazz after the date of his incarceration following his conversion to be a Nubian Islamic Hebrew Muslim.
 
 
 5
 In response to his supplemental complaint, the defendants once again claimed that the religious accommodations afforded to Shabazz were constitutionally sound. Further, they claimed that Shabazz had never formally requested the prison to assist him in obtaining materials that were otherwise not available at the prison:
 
 
 6
 Contrary [sic] to the allegations in Plaintiff's complaint, he has never requested and thus, has never been denied any request for religious materials for use by the Islamic inmates.... [T]here is no record that Chaplain Vaughn received a request from Plaintiff which Plaintiff claims he submitted to the Chaplain on July 19, 1990. Had such a request been received, it would not have been summarily denied on the basis of Plaintiff claiming to be a Nubian Islamic Hebrew Muslim.
 
 
 7
 Brief in Support of Motion to Dismiss Plaintiff's Supplemental and Original Complaints at 6, R. Vol. I, Doc. 37 (emphasis added). With respect to Shabazz's claim that the defendants were using his "Christian slave name," the defendants noted that pursuant to an opinion issued by the General Counsel for the Oklahoma Department of Corrections, Shabazz's Islamic name would be recognized by the prison: "As a result of this opinion, the Department of Corrections [sic] records will not be changed, however benefits and services will not be denied any inmate who has had a legal name change." Id. at 7.
 
 
 8
 On November 30, 1990, the district court in a memorandum opinion and order dismissed Shabazz's claims that the defendants were violating his First Amendment rights by not providing him with religious materials and not allowing his sect to conduct fund raising activities to purchase religious materials. With respect to the additional claim Shabazz raised in his supplemental complaint, the court noted that Shabazz had produced copies of documents indicating that the prison was still refusing to acknowledge his Islamic name. Therefore, the court postponed reaching a decision on Shabazz's claim that his right to be referred to by his Islamic name was being infringed.
 
 
 9
 Shabazz filed a motion for reconsideration. He cited to a letter he received from Warden Kaiser dated July 24, 1990, in which the Warden responded to his grievance/request that his First Amendment rights were being infringed upon. The Warden rejected his grievance: "I am returning your grievance dated July 24, 1990, and attachments for resubmission due to too many attachments. Please note the highlighted area on the form: '(Use back side of page and, if necessary, no more than one attached 8 1/2 X 11 page.)' [sic] Also, when filing documents within the DOC system, please use your incarcerated name. Failure to do so will also impede the progress of your requests. " Letter from Warden to Shabazz, Exhibit to Shabazz's Amended Civil Rights Complaint, R. Vol. I., Doc. 29 (emphasis added).
 
 
 10
 The district court rejected Shabazz's motion for reconsideration. With respect to Shabazz's remaining claim, the defendants explained that as a result of a delay in receiving the General Counsel's Opinion pertaining to inmate name changes, a few matters raised by Shabazz in which he used his Islamic name "fell through the cracks." The district court accepted this explanation and noted that the defendants had implemented new policies which recognized an inmate's right to use his legal name to procure prison benefits and services, even though his legal name may have been changed after the date of incarceration. As a result, the district court dismissed Shabazz's name-based constitutional claim. In addition, the district court rejected Shabazz's request for damages to compensate him for the deprivation of his First Amendment rights as a result of the defendants' past refusal to recognize his Islamic name.
 
 DISCUSSION
 
 11
 The gravamen of Shabazz's claim is that he has been denied the right to practice his religious beliefs. The defendants have argued all along that they have never denied him his First Amendment rights because Shabazz never officially aired his grievances to them. In addition, following Shabazz's request that he be allowed to use his Islamic name, the prison has changed its policy to accommodate his (as well as others similarly situated) desires. Unfortunately, there was a time lag and as a result, it appears that the defendants may have disregarded Shabazz's grievance because he was not using his former name. In any event, given the defendants' apparent acceptance of Shabazz's right of access to prison services and benefits by using his prison name, it appears that Shabazz's name-based First Amendment claim may no longer have viability.
 
 
 12
 In light of the defendants' admission that they would not summarily deny Shabazz's request for religious programs were it properly submitted,[2] we VACATE AND REMAND to the district court with instructions that it order the defendants to consider Shabazz's request (1) that he be allowed access to various religious materials; (2) that he be allowed to participate in fund raising activities in order to procure funds for purchasing religious materials; and (3) that he be allowed a weekly opportunity to practice his religious beliefs. Once defendants have had an opportunity to consider and rule on plaintiff's request, they should report back to the district court. That report should further state fully and unequivocally the defendants' policy regarding Shabazz's request to use, and to require the prison to use, his Islamic name to the exclusion of any other name. Once the defendants' position is clearly established, the district court will then be in a position to determine whether there is any merit to Shabazz's constitutional claims and whether he is entitled to any relief.
 
 Appeal No. 91-6169[3]
 
 13
 In Civil Action No. 91-CIV-457-W, Shabazz asserts a claim under 42 U.S.C. § 1983 based upon alleged unconstitutional actions taken against him by members of the Oklahoma Pardon and Parole Board in retaliation for earlier suits that he has filed against prison officials. The district court characterized Shabazz's claims in this case as being in essence a claim that the Parole Board should ignore or disregard his prior criminal and litigative history under his present and former names. The district court concluded that this is the same claim that was raised by Shabazz and decided against him in No. 90-CIV-429-W. Accordingly, the district court dismissed that case as frivolous.
 
 
 14
 We believe the district court has mischaracterized Shabazz's claims in this case. In Civil Action 91-CIV-457-W Shabazz is alleging a retaliation claim against the Oklahoma Pardon and Parole Board stemming from earlier litigation by Shabazz against prison officials.[4] In Civil Action 90-CIV-429-W, Shabazz raised claims seeking the opportunity to practice and pursue his litigation in certain ways, seeking the right to create a "Black Arts & Crafts Club," and to require the prison to deal with him using his Islamic name. Those claims in the two suits are separate and distinct.
 
 
 15
 The district court should consider Shabazz's claim in Civil Action 91-CIV-457-W on its merits. Accordingly, we VACATE the district court order in this case and REMAND for further proceedings consistent with this order.
 
 
 16
 Therefore in appeals Nos. 91-6005 and 91-6054, which review the district court orders in No. 90-CIV-429-W, we VACATE and REMAND with instructions that the district court order the defendants promptly to consider the claims made by Shabazz in that lawsuit and to report back to the district court in a timely fashion. The district court should retain jurisdiction of that case so that it can take such further action as may be warranted after receiving back from the defendants the response requested herein. In appeal No. 91-6169, which reviews the district court's order in No. 91-CIV-457-W, we VACATE and REMAND with instructions that the district court consider the allegations in that complaint on its merits.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 As a threshold matter, we do not find that the district court abused its discretion in refusing to appoint counsel to represent Shabazz in either case. Therefore, we AFFIRM the district court's decision in both cases to reject Shabazz's request that it do so
 
 
 [2]
 See Appellees' Appellate Br. at 7 & Brief in Support of Motion to Dismiss Plaintiff's Supplemental and Original Complaints at 6, R. Vol. I, Doc. 37
 
 
 [3]
 Shabazz's petition to proceed informa pauperis is granted
 
 
 [4]
 We can not say that such a claim fails to state a claim as a matter of law. See Clark v. State of Ga. Pardons and Parole Bd., 915 F.2d 636 (11th Cir.1990)