13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Isa Abdullah R. SHABAZZ, Plaintiff-Appellant,
v.
Jerry JOHNSON, Deputy Director; Stephen Kaiser, Warden;
Gary D. Maynard, Defendants-Appellees.
 No. 93-6179.
 United States Court of Appeals, Tenth Circuit.
 Dec. 2, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Isa Abdullah Ramadan Shabazz, a pro se state prisoner, brought this action under 42 U.S.C.1983 (1988) seeking injunctive and monetary relief for defendants' alleged infringement of his First Amendment religious freedoms. Shabazz alleged that defendant prison officials denied him the opportunity to hold weekly religious services at a designated area, refused him permission to hold fund raising activities to purchase religious materials, and denied him access to a cassette player, religious tapes, and other religious materials. Shabazz subsequently amended his complaint to challenge the prison's grooming policy as a denial of his right to practice his religion, and to challenge the prison's refusal to recognize his Islamic name in providing him prison benefits and services.
 
 
 3
 The district court originally resolved all of Shabazz' claims in favor of defendants. In a prior unpublished order and judgment, this court remanded to allow the prison to consider Shabazz' requests on the merits and report back to the district court. See Shabazz v. Johnson, 945 F.2d 411, 1991 WL 196997 (10th Cir.1991). We further observed that because defendants' new policy purported to recognize Shabazz' right to use his Islamic name to receive prison benefits and services, his name-based claim might no longer be viable.
 
 
 4
 On remand, defendants prepared the required report and stated that Shabazz and his followers could use the chapel for worship on Fridays from 9:30 to 11:00 a.m., and that they could check out cassette players in accordance with prison policy and worship in their cells. Shabazz' request for permission to engage in fund raising activities was denied because the prison's Islamic community already had a fund raising project which generated funds for use by all Islamic groups. Defendants also asserted that the number of fund raising activities was limited due to staffing and space considerations. Finally, defendants stated that under current prison policy, benefits and services will not be denied to any inmate who has had a legal name change and uses his new name.
 
 
 5
 The magistrate issued a report and recommendation evaluating defendants' response to Shabazz' three requests under the factors set out in Turner v. Safley, 482 U.S. 78 (1987), and concluding that defendants did not impermissibly infringe on Shabazz' constitutional rights. Upon objections by Shabazz, the district court reviewed the record de novo and granted summary judgment for defendants on these three claims. The court also concluded that any claim based on Shabazz' use of his Islamic name had become moot in light of the change in prison policy. Finally, the court denied Shabazz' request for attorney's fees.
 
 
 6
 Shabazz appeals. He asserts that the district court erred in granting defendants' motion for summary judgment because he is a prevailing party, and that the court failed to address the claim alleged in his proposed supplemental amended complaint filed December 10, 1991.
 
 
 7
 We construe Shabazz' claim that he is a prevailing party as an assertion that the lower court erred in applying the Turner analysis. Shabazz has pointed to no disputed issues of material fact with respect to the religious freedom claims based on his three requests. Under Turner, prison limitations on the constitutionally protected rights of inmates are valid if they are reasonably related to legitimate penological interests. See Turner, 482 U.S. at 89. The magistrate evaluated defendants' response to Shabazz' requests under the relevant factors set out in Turner and concluded that defendants' response was constitutionally permissible. We have carefully reviewed this application of the Turner factors to the undisputed facts and we are in substantial agreement with the analysis and conclusions.[2]
 
 
 8
 Shabazz also complains that neither the district court nor the magistrate judge addressed the claim set out in his supplemental amended complaint filed December 10, 1991. This pleading asserts a constitutional claim based on the prison's grooming policy in effect at that time. This challenge was considered separately from the claims raised in Shabazz' other pleadings. The prison subsequently changed its grooming policy, and under the new policy Shabazz retained his religious exemption. The magistrate judge thereupon issued a report and recommendation suggesting that this claim had become moot, see rec., vol. II, doc. 102, which the district court adopted, see id. doc. 108. Accordingly, Shabazz is simply mistaken in his belief that this claim was not addressed below.
 
 
 9
 Shabazz has filed a supplemental or amended pleading pending appeal, in which he asserts that the claim based on his use of his Islamic name is not moot. In support of this contention, Shabazz asserts that prison officials continue to refuse to recognize his Islamic name, specifically that they refused to process his legal mail because he had put only his Islamic name on the envelope. Attached to this pleading is a copy of the envelope and the notation of a prison official. Although we ordinarily do not consider material such as this raised in this manner, we believe that the efficient administration of justice would be furthered by our decision to do so here. Given the extended history of this case, we see no reason to require Shabazz to file a new action below to raise this claim. The record here reveals that prison officials have failed in the past to comply with prison policy stating that an inmate who uses a new legal name will not be denied prison benefits and services. Accordingly, we REVERSE the dismissal of this claim as moot, and we REMAND for further proceedings on the claim that prison officials refuse to recognize Shabazz' Islamic name.
 
 
 10
 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
 
 ANDERSON, concurring and dissenting
 
 11
 I concur in the reasoning and conclusions contained in the majority opinion in this case with the exception of the issue regarding the appellant's Islamic name, and the court's reversal and remand on that issue. As to the latter, I respectfully dissent.
 
 
 12
 On January 28, 1991, the district court granted defendants a summary judgment against the appellant on this issue, stating as follows in its memorandum opinion:
 
 
 13
 The defendants have shown that they have established a policy that is now in place which provides that an inmate cannot be punished for use of his new name nor can any services or benefits be denied to the inmate. The Court finds the new policy is constitutionally adequate, see Ali v. Dixon, 912 F.2d 86 (1st Cir.1990); Salaam v. Lockhart, 905 F.2d 1168 (8th Cir.1990, and that plaintiff has not shown damages are necessary or appropriate for any deficiency prior to September 28, 1990.
 
 
 14
 Plaintiff contends even after the above referenced opinion was received at LARC defendants continued to deny him the right to use his new name. In support of this argument plaintiff attaches eight documents to his traverse. However, only one document purports to be dated after September 28, 1990 (Exhibit 8). Exhibit 8 purports to be a list of the Islamic Diet Line LARC. The date of December 22, 1990 is handwritten at the top of the exhibit which includes in the body the name of Phillips. In a supplemental filing, plaintiff submits two more documents in which the name of Jimmy L. Phillips is used: one document is a current release date report in which the date of January 2, 1991 is handwritten at the top of the report; the second document is dated January 7, 1991, and is entitled LCC Property and apparently indicates Phillips received a package. Even assuming that defendants did not use plaintiff's new name on these three occasions, there is no showing defendants violated the new policy.
 
 
 15
 Further, plaintiff has failed to allege or establish that the defendants sued in this complaint in any way personally participated or acquiesced in the alleged constitutional violation. Personal participation is a necessary prerequisite for maintaining a cause of action under 1983. Bennett v. Passic, 545 F.2d 1260, 1262-1263 (0th Cir.1976). Defendants are not liable under respondeat superior for constitutional violations of his subordinates. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691-695 (1978).
 
 
 16
 The Court finds there is no genuine issue as to any material fact with respect to plaintiff's third cause of action and defendants are entitled to judgment as a matter of law. A judgment shall enter accordingly.
 
 
 17
 R. Vol. I, Tab 55.
 
 
 18
 The district court reconfirmed its earlier reasoning and grant of summary judgment in its order filed May 4, 1993. R. Vol. II, Tab 119.
 
 
 19
 On May 7, 1993, the appellant filed this appeal. On June 30, 1993, the appellant filed a supplemental pleading in this court alleging that the appellees were not following policy regarding the use of names. In support of that claim the appellant alleged that on June 25, 1993, the mail room at the Lexington Correctional Center returned an envelope to him with a note that stated "You have to put your incarcerated name on this envelope." The appellant attached the envelope to his pleading as an exhibit, but the alleged notation is unreadable.
 
 
 20
 There is no justification for this court reversing a judgment of the district court based upon this kind of evidentiary allegation filed in the court of appeals. This "evidence" does not indicate any denial of services, stands out as the lone example in two and one-half years (since the court's original order of January 28, 1991) of a so-called failure to follow prison policy, does not in any way relate the failure to the defendants/appellees in this case, and purports to raise a new issue. The new issue would essentially allege a failure to follow policy, not a refusal to have a policy with respect to names.
 
 
 21
 The final judgment we are reversing states that at the time of that judgment no genuine issue existed. This court is required to limit its review to what was before the district court at the time the judgment was entered. The record before us wholly supports that judgment and I dissent from its reversal.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 To the extent Shabazz' assertion that he is a prevailing party may be construed as an assertion that he is entitled to attorney's fees, we disagree. Even assuming that the relief Shabazz obtained gave him the status of a prevailing party, a pro se litigant is not entitled to attorney's fees. See Kay v. Ehrler, 111 S.Ct. 1435, 1436-37 (1991)