**L.D. HILLIARD, Plaintiff-Appellant,**

v.

**BOARD OF PARDONS AND PAROLES,**
**Defendant-Appellee.**

No. 84–1045
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 8, 1985.

L.D. Hilliard, Pro Se.

Jim Mattox, Atty. Gen., J.D. Hooper, Asst. Atty. Gen., Austin, Tex., for defendant-appellee.

Before WILLIAMS, JOLLY and HILL, Circuit Judges.

PER CURIAM:

This is an appeal from a dismissal for failure to state a claim upon which relief may be granted. Hilliard filed suit claiming violation of his fifth, eighth and fourteenth amendment rights through various irregularities in his parole hearings. Because we find Hilliard's complaint is insufficiently specific and fails to allege deprivation of a protected liberty interest, we affirm.

I

In reviewing a dismissal under Fed.R. Civ.P. 12(b)(6), we may not go outside the pleadings. We accept all well pleaded facts as true and view them in the light most favorable to the plaintiff. We cannot uphold the dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80, 84 (1957); *Cook & Nichol, Inc. v. Plimsoll Club*, 451 F.2d 505, 506 (5th Cir.1971).

II

Hilliard is a Texas state prisoner serving a life sentence for a 1966 rape conviction. Pursuant to an order in *Ruiz v. Estelle,* in 1979 he was placed in federal custody to serve his sentence. He has prior felony

convictions for forgery, escape, possession of a narcotic drug, and burglary. In his complaint, Hilliard alleged that after consideration, the Texas Board of Pardons and Paroles (Board) denied him parole each year from 1975 through 1979. Hilliard alleges that he has been denied parole every year since then, through 1984.

Hilliard sued the Board and three of its members for declaratory and injunctive relief and money damages. He alleged that the Board denied him due process by applying invalid criteria and considering invalid information in denying him parole, providing vague and invalid reasons for denial of parole, noncompliance by the Board with its own regulations in notifying him of its actions, and denying him a parole hearing. He also alleged that "the consistent denial of procedural due process and parole by defendants violated his right of access to the courts because it was made in retaliation for his filing a suit [*Ruiz v. Estelle*] against the 'TDC' officials." (Hilliard was a named plaintiff in *Ruiz v. Estelle*, 503 F.Supp. 1265, 1275 n. 2 (S.D.Tex.1980), *aff'd in part and rev'd in part*, 679 F.2d 1115 (5th Cir.), *amended in part and vacated in part*, 688 F.2d 266 (5th Cir.1982), *cert. denied*, 460 U.S. 1042 (1983)). Hilliard concluded that the question before the court was "whether the due process clause applies to discretionary parole and, if so, what procedures are mandated; do the Texas Board of Pardons & Paroles procedure comply[?]" In conclusion, he alleged that the defendants violated his rights to protection against cruel and unusual punishment, to equal protection of the laws, and to have reasonable access to the courts.

In his report filed October 13, 1981, the magistrate recommended dismissal for failure to state a claim. The magistrate concluded that Hilliard had received everything he was entitled to receive in the light of this court's holding that expectancy of release on parole in Texas is not a constitutionally-protected interest. The magistrate concluded further that the parole board members are immune from suit for damages under section 1983. Hilliard filed his objections to the report more than a year later. After considering the objections and reviewing the magistrate's recommendation *de novo*, the district court adopted the report and dismissed the cause for failure to state a claim.

## III

Hilliard argues that in regard to his applications for parole the defendants denied him due process in various respects. "However, neither habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir.1984).

In *Greenholtz v. Nebraska Inmates*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), construing a Nebraska parole statute, the Court "rejected the argument that the mere possibility of parole creates a conditional liberty interest that involves constitutional protection." *Irving* at 1216. The Court mandated a case-by-case evaluation of the parole statutes of states other than Nebraska to determine whether they create an expectancy of release that involves constitutional protection. 442 U.S. at 12, 99 S.Ct. at 2106.

This court held in *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir.), *cert. denied*, 454 U.S. 854, 102 S.Ct. 299, 70 L.Ed.2d 147 (1981), that Texas' parole statute, unlike Nebraska's, does not create "a presumption of entitlement to release on parole" after accrual of the minimum time of incarceration, and therefore Texas prisoners do not have a constitutionally protected interest in parole. Accordingly, Hilliard failed to state a claim for either civil rights or habeas relief by his allegations that he was denied due process because he has no constitutionally protected expectancy of release. *Irving v. Thigpen*, 732 F.2d at 1217–18; *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir.1983) (per curiam), *cert. denied*, — U.S. —, 104 S.Ct. 1008, 79 L.Ed.2d 239 (1984).

## IV

 Hilliard alleged that he was denied due process and parole in retaliation for his involvement in *Ruiz v. Estelle.*[1] This is an equal protection claim because it alleges that, without adequate justification, he was treated unfairly compared to other prisoners who were similarly situated. *See* J. Gobert & N. Cohen, Rights of Prisoners § 10.00 (1981). When this occurs, equal protection may be violated even though the differential treatment does not relate to a substantive constitutional right. *See id.* § 10.02; *Irving v. Thigpen*, 732 F.2d at 1218 (alleged denial of parole because of race); *Henry v. Van Cleve*, 469 F.2d 687 (5th Cir.1972) (visiting privileges cannot be denied because of race).

 The district court was correct in holding that this allegation fails to state a claim because Hilliard alleged no supporting facts. This court so held concerning similar allegations in *Johnson v. Wells*, 566 F.2d 1016, 1017 (5th Cir.1978), and *Cook v. Whiteside*, 505 F.2d 32, 34–35 (5th Cir. 1974).

 Hilliard argues that he alleged violation of equal protection in his complaint and that if the "theoretical foundation of each claim" was not clear, the remedy would have been for the appellees to move for a more definite statement. Upon entry of the judgment of dismissal for failure to state a claim, however, Hilliard had "the burden of persuading the district court either to include a specification that the dismissal [was] without prejudice or to permit an amendment. If plaintiff is unsuccessful, his recourse is to appeal." *Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir.1971). Because Hilliard did not do so and the district court did not specify that the dismissal was "without prejudice," it operated as an adjudication on the merits. *Id.; Hall v. Tower Land and Investment Co.*, 512 F.2d 481, 483 (5th Cir.1975).

 To cure the defect in his *Ruiz* allegation, Hilliard would need to allege *facts*, not the "theoretical foundation" of the claim. As additional relevant facts he alleges on appeal only that he "filed many lawsuits against certain Texas prison officials, particularly complaining against conditions, policies and practices within that [TDC] prison." He alleged further that appellees' "scheme for denial of parole is a surreptitious device commonly used by them to chill Hilliard's exercise of constitutional rights, specifically to discourage complaints about conditions within the Texas Department of Corrections." *Id.* He does not, however, allege any connection or concert of action of the appellees, members of the Board, with the TDC administration or its prison officials. This court takes judicial notice, *United States v. Romano*, 482 F.2d 1183, 1191 (5th Cir.1973), *cert. denied*, 414 U.S. 1129, 94 S.Ct. 866, 38 L.Ed.2d 753 (1974), that until November 8, 1983, the Board was established by the state constitution. Since then, it has been an independent statutory agency whose members are appointed by the governor with the state senate's advice and consent. Tex.Const.Ann. art. 4, § 11 (Vernon 1984); Tex.Code Crim.Proc.Ann. art. 42.12, § 12(a) et seq., and notes (Vernon Supp.1985). The Board is not involved with prison conditions but with whether prisoners should be paroled, supervision of parolees, and related matters. Art. 42.12, § 14A et seq. Because it does not appear that Hilliard could state an equal protection claim even if he were allowed to amend, we affirm the district court's dismissal. *See Johnson v. Wells* and *Cook v. Whiteside.*

## V

 Hilliard contends that the district court erred in holding that the appellees cannot be held personally liable for money damages, arguing that they are not entitled to qualified immunity for their torts. This court holds that state parole board members are absolutely immune from liability

---

1. While Hilliard also alleges denial of access to the courts, he has not alleged when or what court he may have been denied access to. Thus, his claim appears to be that he has been penalized for availing himself of his judicial remedies.

for damages in a § 1983 action. *Johnson v. Wells,* 566 F.2d at 1018 (citing *Cruz v. Skelton,* 502 F.2d 1101 (5th Cir.1974)). For the reasons stated previously, we do not need to decide whether we can or should direct the district court to entertain Hilliard's claims for injunctive relief against the Board. *See Pulliam v. Allen,* —— U.S. ——, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984).

### VI

Hilliard contends that he is entitled to reversal because (1) his right to equal protection was denied by the appellees' reliance on invalid disciplinary actions to deny him parole when they were aware that his lost good-time credits had been restored, (2) it was fundamentally unfair to deny him parole for his conviction of possession of four marijuana cigarettes, based on fraudulent representations that he had been convicted of "narcotics" possession, and (3) his prior convictions cannot serve as grounds for denial of parole. These grounds were not alleged in Hilliard's complaint, but in his objections to the magistrate's report.

These claims are simply additional allegations of denial of due process relating to the parole proceedings. The discussion above shows that these claims are not actionable, since Hilliard has no constitutionally protected liberty or property interest in the expectancy of release on parole. *Craft v. Texas Board of Pardons and Paroles,* 550 F.2d 1054, 1056 (5th Cir.) (per curiam), *cert. denied,* 434 U.S. 926, 98 S.Ct. 408, 54 L.Ed.2d 285 (1977).

AFFIRMED.