David Gene **MORRIS**

v.

**O.L. McCOTTER, et al.**

**Civ. A. No. 6:85cv470.**

United States District Court,
E.D. Texas,
Tyler Division.

Sept. 11, 1991.

Curtis Bradley Stuckey, Stuckey & Garrigan, Nacogdoches, Tex., Edwin Errol Buckner, Sandlin & Buckner, Harrison, Tex., for plaintiff.

David Gene Morris, pro se.

Adrian Lowell Young, Atty. Gen. Office, Austin, Tex., for defendant O.L. McCotter.

## AMENDED MEMORANDUM OPINION AND ORDER OF DISMISSAL

JUDITH K. GUTHRIE, United States Magistrate Judge.

Plaintiff David Gene Morris, an inmate confined in the Texas prison system, filed this civil rights suit pursuant to 42 U.S.C. § 1983 concerning the policy of the Texas Board of Criminal Justice excluding convicted murderers from being considered for furlough. The case was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

### I.

On July 1, 1991, the Court entered an order to base its decision on an agreed statement of facts. The stipulation of facts, in its entirety, is attached to the memorandum opinion as an Appendix.

Plaintiff has been incarcerated in the Texas prison system since November 16, 1978. He was convicted of murder. Since his incarceration, he has obtained a college degree from Stephen F. Austin University and achieved a SAT III trusty rating. He is considered a relatively low security risk; nonetheless, his requests for a furlough have been repeatedly denied.

On September 12, 1989, the Board adopted a new policy making all prisoners convicted of murder ineligible for furlough. The decision was made despite a recommendation from the prison director to maintain the old policy, which allowed officials to release them on furlough. The policy change was prompted by a series of negative newspaper articles about murderers being granted furlough.

The defendants have submitted the minutes from the Board meeting on September 12, 1989. The Board did not issue an official reason for its decision; however, a number of issues were discussed prior to the vote, including the newspaper articles and an opinion on the part of some officials that convicted murderers should be excluded from consideration due to the nature of the offense. The decision to preclude convicted murderers from consideration was made even though it was shown they have

one of the lowest rates for furlough violations.

## II.

■ A threshold question is whether the challenge to the furlough policy is a challenge to the "duration of confinement" that requires exhaustion of state remedies under *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), or a "condition of confinement" that does not require exhaustion. The Third Circuit considered the issue in *Wright v. Cuyler,* 624 F.2d 455 (3rd Cir.1980). The Court held that a challenge to a furlough denial concerns a "condition of confinement" that may be challenged directly under 42 U.S.C. § 1983 without resort to habeas corpus and its attendant requirement for the exhaustion of state remedies. *Id.* at 459. I am of the opinion that the grant or denial of a furlough in the present case does not effect the length or duration of Plaintiff's confinement, thus the Court may properly consider the civil rights claim at this time.

## III.

The Plaintiff contends the prison system may not arbitrarily and capriciously deny him a furlough for impermissible reasons. He argues he has been improperly denied a furlough. He seeks to have the present furlough policy declared unconstitutional.

It has long been established that lawful imprisonment limits the rights and privileges of prisoners. *See Price v. Johnston,* 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948). However, "a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." *Wolff v. McDonnell,* 418 U.S. 539, 555, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974). The Supreme Court has identified a number of situations where a prisoner is entitled to the protection of the Equal Protection Clause or the Due Process Clause of the Fourteenth Amendment. *Id.* at 556, 94 S.Ct. at 2974 (citations omitted).

Neither the Supreme Court nor the Fifth Circuit have addressed the issue of whether a prisoner's release on furlough is entitled to constitutional protection. Thus the Court will review analogous situations for guidance. In *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the United States Supreme Court held there was no constitutional right to parole. Furthermore, no liberty interest was implicated by the mere existence of a state parole system. The possibility of parole provides no more than a mere hope that the benefit will be obtained. *Id.* at 11, 99 S.Ct. at 2105, *citing Board of Regents v. Roth,* 408 U.S. 564, 570–71, 92 S.Ct. 2701, 2705–06, 33 L.Ed.2d 548 (1972).

On the other hand, the Nebraska statutory language itself created a protectible expectation of parole. The statute specified the Parole Board "shall" order a prisoner's release on parole when he becomes eligible "unless" his release should be deferred because of a variety of factors. The Court concluded the use of the terminology "shall" and "unless" created an expectancy of release, and with it a liberty interest protected by the due process clause. 442 U.S. at 11–12, 99 S.Ct. at 2105–06. The existence of a state created liberty interest depends upon the statutory language and "must be decided on a case-by-case basis." *Id.* at 12, 99 S.Ct. at 2106.

The Fifth Circuit has examined the language of the Texas parole statute and has concluded that it does not create a presumption of entitlement to release on parole after the accrual of a minimum time of incarceration. *Williams v. Briscoe,* 641 F.2d 274, 277 (5th Cir.), *cert. denied,* 454 U.S. 854, 102 S.Ct. 299, 70 L.Ed.2d 147 (1981); *Hilliard v. Board of Pardons and Paroles,* 759 F.2d 1190, 1192 (5th Cir.1985).

■ With these principles in mind, we turn to the issue of whether Texas prisoners have a protectible expectation of furlough. The Constitution does not mention the concept of furloughs. Thus prisoners do not have a protectible expectation of furlough under the Constitution. The right to a furlough, if such a right exists, originates under Texas law. The Texas legislature has given the Board broad discretion in adopting furlough policies. *See Tex. Gov't Code,* § 500.006. The legislation

specifies the prison system "may" grant furloughs under a variety of circumstances. The language of the statute does not provide any basis for a prisoner to have a protectible expectation of a furlough.

The Plaintiff argues a state created liberty interest may nonetheless be established by the regulations or practices implementing the statute. *Winsett v. McGinnes*, 617 F.2d 996, 1005 (3rd Cir.1980), *cert. denied*, 449 U.S. 1093, 101 S.Ct. 891, 66 L.Ed.2d 822 (1981)[1]; *Durso v. Rowe*, 579 F.2d 1365 (7th Cir.1978), *cert. denied*, 439 U.S. 1121, 99 S.Ct. 1033, 59 L.Ed.2d 82 (1979). In *Winsett*, the Court held a protectible interest was created because the regulations envisioned the grant of work release when all eligibility requirements were satisfied. 617 F.2d at 1007.

The preamble to the Texas prison system's furlough policy, AD–04.56, contains the following statement:

A furlough is a privilege granted to inmates ... Release on furlough is a discretionary decision with public safety being the prime consideration. Eligibility for furlough review should *not* be construed as a right to be released on furlough.

Furloughs are granted only after eligibility requirements are satisfied and two members of the Classification Board vote to approve a furlough. *See Transcript*, pages 98–100, and AD–04.56. TDCJ does not have a policy or practice to automatically grant furloughs if eligibility requirements are satisfied. The prison regulations do not create a protectible expectation of furlough.

Plaintiff cannot satisfy the furlough eligibility requirements under present Board policy. Since he has a murder conviction, he is *per se* ineligible for furlough. A protectible liberty interest simply is not triggered under present Board policy or practice.

Plaintiff argues that the present case is strikingly similar to *Winsett* because work release there was denied because officials took into consideration impermissible criteria, fear of public outcry and legislative reprisal. 617 F.2d at 1007. The parties here agree that negative news articles encouraged the Board to change its policy regarding furlough eligibility. The cases, however, are distinguishable. Winsett had satisfied all the criteria for a furlough and a liberty interest in a furlough had vested because of the regulations and policies in that state. His furlough was impermissibly denied for extraneous reasons. In the instant case, the Plaintiff has not and cannot satisfy all the criteria to be eligible for a furlough. He has not obtained a vested liberty interest in furlough. Moreover, as previously stated, even if Plaintiff had met the eligibility requirements, he nonetheless would not have a liberty interest in furlough because the policy and practices of the Board do not provide an expectancy of furlough. The possibility of furlough in Texas provides no more than a mere hope that the privilege will be obtained.

The Court would point out further that Winsett was singled out and denied furlough because of the negative articles. In the present case, Plaintiff and all other convicted murderers became ineligible because of Board policy. The policy was a reflection of perceived public sentiment about furloughs for convicted murderers in general. The decision was not directed specifically at Plaintiff. The denial of furlough in the present case does not violate the Due Process Clause of the Fourteenth Amendment.

## IV.

■ Plaintiff also argues he has been denied equal protection. To succeed on his equal protection claim, Plaintiff must prove he was the victim of purposeful discrimination, either because of membership in a protected class, such as a racial minority, or due to an irrational or arbitrary state classification unrelated to a legitimate state objective. *See, e.g., Stern v. Tarrant County Hospital District*, 778 F.2d 1052

---

1. The decision was rejected by *Baumann v. Arizona Department of Corrections*, 754 F.2d 841, 844–45 (9th Cir.1985).

(5th Cir.1985), *cert. denied,* 476 U.S. 1108, 106 S.Ct. 1957, 90 L.Ed.2d 365 (1986); *Sherrell by and through Wooden v. City of Longview,* 683 F.Supp. 1108, 1116 (E.D.Tex.1987).

Convicted murderers are not a protected class. They are protected by the Equal Protection Clause only to the extent the distinction made by the Board must be related to a legitimate state objective. The change in the furlough policy was prompted by a number of considerations. One was a concern that the public did not want convicted murderers to be given furlough. A second factor involved the nature of the offense, which again echoed public sentiment that murderers should not be given furloughs. I am of the opinion that the prison Board may distinguish between the seriousness of offenses in establishing furlough policy.[2] The reason for the distinction is related to a legitimate state objective. The equal protection claim lacks merit.

### V.

Plaintiff also argues the change in policy was not properly promulgated under the Administrative Procedure and Texas Register Act. It is well established, however, that the mere violation of state law does not necessarily infringe upon rights secured by the federal Constitution. *Snowden v. Hughes,* 321 U.S. 1, 11, 64 S.Ct. 397, 402, 88 L.Ed. 497 (1944); *McDowell v. Texas,* 465 F.2d 1342, 1346 (5th Cir.), *aff'd en banc,* 465 F.2d 1349 (5th Cir.1971), *cert. denied,* 410 U.S. 943, 93 S.Ct. 1371, 35 L.Ed.2d 610 (1973). Plaintiff must show a violation of the federal Constitution to state a cognizable claim under 42 U.S.C. § 1983. Plaintiff has not shown that the alleged failure to follow the state administrative procedures act implicates the Constitution. Thus the claim lacks merit. It is accordingly

ORDERED that the above-styled civil action be, and it hereby is, DISMISSED with prejudice.

---

**2.** The Fifth Circuit has expressed an opinion that the public interest is best served by leaving the details of furlough policy to Texas prison officials. *See Ruiz v. Estelle,* 650 F.2d 555, 570–72 (5th Cir.1981).