Isa Abdullah Ramadan SHABAZZ,
Plaintiff–Appellant,

v.

Jari ASKINS, Carolyn Crump, Marzee Douglas, Carl B. Hamm, Farrell Hatch, and Oklahoma Pardon and Parole Board, Defendants–Appellees.

No. 92–6209.

United States Court of Appeals,
Tenth Circuit.

Nov. 9, 1992.

Publication Ordered Nov. 25, 1992.

Isa Abdullah Ramadan Shabazz, pro se.

Susan B. Loving, Atty. Gen. and W. Craig Sutter, Asst. Atty. Gen., Oklahoma City, Okl., for defendants-appellees.

Before SEYMOUR, ANDERSON and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Plaintiff Isa Abdullah Ramadan Shabazz appeals the district court's dismissal of his 42 U.S.C. § 1983 claim. In the district court, Plaintiff alleged that the Oklahoma Pardon and Parole Board's failure to recommend parole was in retaliation for Plaintiff's previous religious discrimination lawsuits against prison officials and that it was the Parole Board's custom, policy, and practice to retaliate against plaintiffs like him who choose to exercise their civil rights. The district court dismissed Plaintiff's civil rights claim as frivolous under 28 U.S.C. § 1915(d). This court has jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *Denton v. Hernandez*, —— U.S. ——, ——, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992), and we reverse.

Plaintiff was convicted of forgery and sentenced to twenty years in prison. While serving this sentence, Plaintiff legally changed his name for religious reasons from Jimmy Phillips to Isa Abdullah Ramadan Shabazz. Plaintiff filed a number of lawsuits against the Department of Corrections, including several religious discrimination suits seeking recognition under his newly-adopted religious name. *See, e.g., Phillips v. Carey*, 638 F.2d 207 (10th Cir.), *cert. denied*, 450 U.S. 985, 101 S.Ct. 1524, 67 L.Ed.2d 821 (1981); *Shabazz v. Johnson*, No. CIV–90–429–W (W.D.Okla.1991),

*vacated,* 945 F.2d 411 (10th Cir.1991) (unpublished disposition); *Shabazz v. Kaiser,* No. 76,018 (Okla.1990); *Phillips v. Williams,* 583 P.2d 488 (Okla.1978), *vacated,* 442 U.S. 926, 99 S.Ct. 2853, 61 L.Ed.2d 294 (1979); *Shabazz v. Bellmon,* No. H–91–258 (Okla.Cr.App.1991).

On March 22, 1991, the Parole Board denied Plaintiff parole. On April 4, 1991, Plaintiff filed the present action (No. 91–CIV–457–W) in district court, requesting leave to proceed in forma pauperis and claiming that the Board's parole denial was in retaliation for his previous religious discrimination lawsuits. On April 12, 1991, the district court permitted Plaintiff to proceed in forma pauperis but dismissed the lawsuit, ruling that the Plaintiff had another action pending before the Tenth Circuit (No. 91–CIV–429–W) raising parallel issues. In an unpublished disposition, we granted Plaintiff in forma pauperis status, found that the present action (No. 91–CIV–457–W) was different from Plaintiff's earlier action (No. 91–CIV–429–W), and remanded the present case to the district court with instructions to consider the claim on the merits. *See Shabazz v. Askins,* 945 F.2d 411 (10th Cir.1991) (unpublished disposition).

On remand, the magistrate properly requested that the Parole Board file a *Martinez* report so that the court could ascertain whether Plaintiff's retaliation claim had a factual basis. *See Martinez v. Aaron,* 570 F.2d 317, 318–19 (10th Cir.1978). The magistrate reviewed the report and considered two allegations made by Plaintiff in support of his retaliation claim. Plaintiff's first allegation was that the Board refused to recognize him by his "Nubian Islaamic [sic] Hebrew name," and this refusal indicated that the Board considered Plaintiff's previous name recognition lawsuits in its parole denial. The magistrate looked to the *Martinez* report and made a factual finding that "[t]he reference to the prior name was an innocuous reference for record identification purposes only and the declination of parole was based on non-retaliatory circumstances stated in the recommendation."

Plaintiff's second allegation supporting his claim of retaliatory treatment was that other similarly situated inmates, appearing at the March 22, 1991 parole hearings, were paroled and he was not. In response to this allegation, the magistrate found that Plaintiff's claim should be dismissed as frivolous because "the fact that other inmates that appeared at the March, 1991, docket before the Pardon and Parole Board and were paroled does not even suggest retaliation by the [Board] against the Plaintiff on equal protection grounds." The magistrate stated that Plaintiff lacked a basis for a retaliation claim because Plaintiff did not "show that the decisionmaker [sic] singled out a particular group for disparate treatment and selected his course of action at least in part, for the purpose of causing its adverse effects on the identifiable group." The district court adopted these two findings and dismissed Plaintiff's claims as frivolous under § 1915(d), stating that Plaintiff "fail[ed] to identify and/or establish any discriminatory or retaliatory action by [the Parole Board] ... that would give rise to the relief requested by the plaintiff under 42 U.S.C. § 1983."

Section 1915(d) gives the district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss [as frivolous] those claims whose factual contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). Clearly baseless factual allegations are those that are "fantastic or delusional." *Neitzke,* 490 U.S. at 327–28, 109 S.Ct. at 1833. Although a district court can review the factual allegations to determine whether they are clearly baseless, the court cannot address the merits of a claim in dismissing it under § 1915(d) as frivolous. *Denton,* — U.S. at —, 112 S.Ct. at 1734. A court may consider the *Martinez* report in making its clearly baseless determination, but "it cannot resolve material disputed factual findings when they are in conflict with the pleadings or affidavits." *Hall,* 935 F.2d at 1109 (citations omitted). "A bona fide factual dispute exists even when the plaintiff's factual alle-

gations that are in conflict with the *Martinez* report are less specific or well-documented than those contained in the report." *Id.* "[A] plausible factual allegation, even if it lacks evidentiary support, is not 'frivolous' as contemplated by § 1915(d), even though it may not survive a motion for summary judgment." *Id.* at 1109.

█ The district court, in its § 1915(d) dismissal of Plaintiff's retaliation claim, weighed the facts, which it should not do. *See Denton,* — U.S. at —, 112 S.Ct. at 1733; *Hall,* 935 F.2d at 1109. Plaintiff's first allegation was that the Parole Board purposefully refused to recognize him by his "Nubian Islaamic [sic] Hebrew name." The magistrate resolved this factual dispute by relying on the parole hearing transcript, which was part of the *Martinez* report. Plaintiff also alleged that three similarly situated inmates were granted parole on the same day he was denied parole. The magistrate weighed the facts in concluding that Plaintiff failed to show disparate treatment by the Parole Board. The district court adopted both of these factual findings made by the magistrate. In adopting the magistrate's report, which weighed disputed facts, the district court abused its discretion. *See Denton,* — U.S. at —, 112 S.Ct. at 1733; *Hall,* 935 F.2d at 1109.

The government's reliance on *Serio v. Members of La. State Bd. of Pardons,* 821 F.2d 1112 (5th Cir.1987), to support the district court's § 1915(d) dismissal is unpersuasive. The government points to language in *Serio* distinguishing it from *Hilliard v. Board of Pardons and Paroles,* 759 F.2d 1190 (5th Cir.1985). Citing *Hilliard,* the *Serio* court stated that a plaintiff, in order to sustain his claim of intentional Parole Board retaliation, must point to "hearing-record statements or other facts establishing that his allegation was founded on anything more than his own assumption." *Serio,* 821 F.2d at 1114. The government's reliance on *Serio's* construction of *Hilliard* is misplaced because the dismissal in *Hilliard* was made pursuant to Fed.R.Civ.P. 12(b)(6), *see Hilliard,* 759 F.2d

at 1191, which requires application of a different standard than § 1915(d).

REVERSED and REMANDED.