2 F.3d 1160
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard E. MEARS, Plaintiff-Appellant,
v.
Stan SINGLETON, Harold McNamara, Wendy Rhyne-Slayton, Nola
Foulston, Mark Jordan, Douglas Roth, Russell
Cranmer, and Sedgwick County,
Defendants-Appellees.
 No. 93-3060.
 United States Court of Appeals, Tenth Circuit.
 Aug. 9, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Mr. Mears appeals from the dismissal of his civil rights complaint pursuant to 28 U.S.C. Sec. 1915(d) as frivolous, and the district court's denial of his motion for leave to proceed in forma pauperis on appeal, Fed.R.App.P. 24(a). We review the district court's Sec. 1915(d) dismissal for an abuse of discretion, giving Mr. Mears' pleadings their mandated liberal construction. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Other factors we may consider on review include the degree to which genuine issues of disputed fact are present in the complaint, the law applied by the district court, the adequacy of the district court's statement explaining its reasoning and the type of dismissal. Id. Our jurisdiction arises under 28 U.S.C. Sec. 1291 and we reverse and remand.
 
 
 2
 Mr. Mears seeks declaratory, injunctive and monetary relief based on events which occurred during his state-court prosecutions for attempted first degree murder, aggravated assault of a law enforcement officer, unlawful possession of a firearm, and passing worthless checks. See State v. Mears, Nos. 89 CR 1126, 89 CR 1011 & 89 CR 325 (18th Jud.D.Ct. Sedgwick County, Kan.Crim Dep't). Mr. Mears' convictions for the first three offenses were affirmed on direct appeal. State v. Mears, No. 65,971, slip op. (Kan.Ct.App. Feb. 14, 1992) (unpublished), contained in Plaintiff's App. ex. EE. His conviction for the last offense was reversed and subsequently dismissed without prejudice. State v. Mears, No. 66,485, slip op. (Kan.Ct.App. Mar. 13, 1992) (unpublished), contained in Plaintiff's App. ex. FF. The Kansas Court of Appeals also reversed the district judge's restitution order in No. 89 CR 1126 as entered without authority. State v. Mears, No. 65,971, slip op. at 8.
 
 
 3
 Mr. Mears has sued his attorney, Mr. Singleton; the court-appointed defense psychologist who presented Mr. Mears' insanity defense, Dr. McNamara; the assistant appellate public defender, Ms. Rhyne-Slayton; the district attorney and her assistants, Ms. Foulston, Mr. Jordan and Mr. Roth, respectively; Judge Cranmer, the district court judge in No. 89 CR 1126, and Sedgwick County, as employer of the district attorney, the assistant district attorneys and the state district court judge.
 
 
 4
 When Mr. Mears was arrested, $3,704.59 was seized from him. $1,177.00 has been returned to him, but he maintains that he is entitled to the remaining $2,527.59, which apparently was used for court costs, witness fees and medical examinations pursuant to a March 5, 1991 order by a state district judge in No. 89 CR 1126. See Plaintiff's App. ex. JJ. Mr. Mears contends that retention of the $2,527.59 violates the mandate from the Kansas Court of Appeals and was intended to deprive him of funds to pursue his defenses on appeal.
 
 
 5
 Mr. Mears also complains that he was denied his Sixth Amendment right to counsel when the State allegedly received his entire file from Dr. McNamara. He alleges that the file contained privileged defense material and that he was thereby prejudiced at trial. The Kansas Court of Appeals did not evaluate this claim in his direct appeal due to an inadequate record. State v. Mears, No. 65,971, slip op. at 12, contained in Plaintiff's App. ex. EE.
 
 
 6
 These two alleged wrongs form the basis of plaintiff's complaint. Mr. Mears does not seek release from state custody "or relief from the allegedly unconstitutional convictions." R. doc. 2 at 3. Rather, he seeks "a declaratory judgment as a predicate to (a) an award of money damages or (b) prospective injunctive relief." See Richards v. Bellmon, 941 F.2d 1015, 1018-19 (10th Cir.1991). He claims that the prosecutors are being sued for administrative functions, see Buckley v. Fitzsimmons, 61 U.S.L.W. 4713, 4717-17 (U.S. June 24, 1993) (no absolute immunity for acts taken in administrative or investigative capacity) and that the state district court judge acted in the clear absence of all jurisdiction, see Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (no absolute immunity for acts taken in the clear absence of all jurisdiction). See R. doc. 7, Sec. 5.
 
 
 7
 While we agree with the district court that it lacks jurisdiction to review whether a state court of appeals' mandate was followed, we cannot agree that Mr. Mears' various constitutional claims are "inextricably intertwined" with this issue. Mr. Mears has alleged that various actors who normally do not act under color of state law (private lawyer and appellate public defender) have "engaged in a conspiracy with state officials to deprive another of federal rights." See Tower v. Glover, 467 U.S. 914, 920 (1984).
 
 
 8
 Under Sec. 1915(d), a district court may dismiss a complaint founded on "an indisputably meritless legal theory" or "clearly baseless" factual contentions. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Thus, Sec. 1915 gives a district court "the unusual power to pierce the veil of the complaint's factual allegations," id., and dismiss complaints based on factual allegations that are "irrational" or "wholly incredible." Denton, 112 S.Ct. at 1733. See also Neitzke, 490 U.S. at 328 (claims "describing fantastic or delusional scenarios" may be dismissed). This power is not dependent upon judicially noticeable facts contradicting a plaintiff's allegations. Denton, 112 S.Ct. at 1733.
 
 
 9
 Merely because the district court finds the plaintiff's allegations unlikely will not justify a Sec. 1915(d) dismissal because "the Sec. 1915(d) frivolousness determination ... cannot serve as a factfinding process for the resolution of disputed facts." Id. See Shabazz v. Askins, 980 F.2d 1333, 1334-35 (10th Cir.1992). Section 1915(d) cannot be used as shortcut for summary judgment, "[a] plausible factual allegation, even if it lacks evidentiary support, is not 'frivolous' as contemplated by Sec. 1915(d) even though it may not survive a motion for summary judgment." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991).
 
 
 10
 The district court did not explain its apparent conclusion that the factual allegations in the complaint were clearly baseless, and in light of our conclusion that the constitutional claims are not beyond its subject matter jurisdiction, we deem it best to reverse the judgment of dismissal and remand to the district court for reconsideration.
 
 
 11
 REVERSED and REMANDED. The motion to proceed on appeal in forma pauperis is GRANTED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3