10 F.3d 810
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harvey G. WILSON, Plaintiff-Appellant,
v.
Delores RAMSEY, also known as Dolous Ramsey; James L. Moon;
Disciplinary Chairperson, Name Unknown,
Defendants-Appellees.
 No. 93-7012.
 United States Court of Appeals, Tenth Circuit.
 Nov. 19, 1993.
 
 1
 Before TACHA and KELLY, Circuit Judges, and BROWN,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Harvey G. Wilson commenced a pro se action pursuant to 42 U.S.C.1983, seeking damages and equitable relief for alleged violations of his Eighth and Fourteenth Amendment rights by Oklahoma prison officials. The state Department of Corrections prepared and filed a special report upon order of the district court, in accordance with Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978)(the Martinez report). Defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim, and pursuant to 28 U.S.C.1915(d) as frivolous. Wilson responded to the motion. The district court granted defendants' motion to dismiss, and Wilson, appearing pro se and in forma pauperis, now appeals.
 
 
 4
 This court has jurisdiction by virtue of 28 U.S.C. 1291, and our review of the district court's dismissal under Rule 12(b)(6) is de novo, applying the same standards as the district court. Ayala v. Joy Mfg. Co., 877 F.2d 846, 847 (10th Cir.1989). "We will uphold a dismissal [under Rule 12(b)(6) ] only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). In reviewing a decision to dismiss for failure to state a claim in a pro se case, "we must decide whether, liberally construing plaintiff['s] allegations, accepting them as true, but also viewing them within the context of the undisputed facts developed in the record, plaintiff[ ] can make any argument, based upon law or fact, in support of the claims asserted." Reed v. Dunham, 893 F.2d 285, 286 (10th Cir.1990)(citations omitted).
 
 
 5
 Similarly, dismissal of a complaint for frivolousness requires a determination that the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, because a dismissal for frivolousness is discretionary with the district court, our review is for abuse of that discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Shabazz v. Askins, 980 F.2d 1333, 1333 (10th Cir.1992).
 
 
 6
 Wilson's claims arise from his being charged and found guilty of misconduct and his subsequent transfer from the Idabel Work Center to Howard McLeod Correctional Center (HMCC). Based on the report of a prison officer, Wilson was found guilty of battery following a misconduct hearing, and his subsequent appeals within the prison's disciplinary system were denied. We construe his pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Wilson alleged that he was denied due process because the disciplinary chairperson did not 1) set forth in detail the evidence relied on at the hearing, and 2) state why the reporting officer's statement was believed over Wilson's contentions of innocence. Wilson contended these failures are a violation of the prison's disciplinary procedure policy. Wilson also complained that, on appeal within the prison disciplinary system, defendants Ramsey and Moon similarly failed to provide detailed support for the guilty verdict. Wilson's second claim is that conditions at HMCC violate his Eighth Amendment right to be free of cruel and unusual punishment.
 
 
 7
 We affirm the district court's ruling, granting defendant's motion to dismiss, because we conclude that Wilson's complaint fails to state claims which rise to the level of constitutional deprivations. Wilson's allegations that defendants failed to provide detailed support for the guilty verdict on the battery charge do not state a claim of constitutional dimension, in light of the record in this case. Due process requirements are met in a prison disciplinary hearing if there is "some evidentiary basis" for the challenged ruling. Superintendent v. Hill, 472 U.S. 445, 455 (1985); Taylor v. Wallace, 931 F.2d 698, 701 (10th Cir.1991). Here, the Martinez report indicates that plaintiff was found guilty of battery based on the eyewitness account of a prison officer that plaintiff was purposefully bumping into people while at a Wal-Mart store during a canteen run. Prison disciplinary procedure may require more, but violation of that policy does not, by itself, result in a constitutional violation. The Martinez report contains an adequate evidentiary basis to support the ruling that plaintiff was guilty of battery. Therefore, this claim was properly dismissed under Rule 12(b)(6).[2] Further, we agree with the district court that plaintiff has failed to state any other due process claims with respect to his misconduct hearing. See, e.g., Wolff v. McDonnell, 418 U.S. 539 (1974)(outlining due process requirements for prison disciplinary proceedings).
 
 
 8
 Wilson contends that certain prison conditions constitute Eighth Amendment violations. To state a cognizable Eighth Amendment claim, a plaintiff must allege serious deprivation or pain, and that the defendants were deliberately indifferent to plaintiff's needs. See Miller v. Glanz, 948 F.2d 1562, 1569-70 (10th Cir.1991)(citing Estelle v. Gamble, 429 U.S. 97 (1976), and Rhodes v. Chapman, 452 U.S. 337 (1981)). Wilson's allegations in his original complaint, that the placement of his bed and overcrowded conditions violate the Eighth Amendment, do not rise to the level of claims of serious deprivation or pain. See Rhodes, 452 U.S. at 346-48. In his response to defendants' motion to dismiss, Wilson also alleged "unbearable pain" in his foot from an injury which he claims was caused by unsafe conditions. We must take that allegation as true. Nonetheless, Wilson's pleadings fail to allege facts that would support a finding of deliberate indifference in connection with his claim of pain. Therefore, Wilson's Eighth Amendment claim likewise fails.
 
 
 9
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 In determining whether a plaintiff has stated a claim, a district court may not reply upon the Martinez report to resolve disputed factual issues. Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir.1993). Nonetheless, the purpose of a Martinez report is to identify and clarify the issues raised in a complaint, Hall, 935 F.2d at 1112, and portions of the Martinez report describing prison policies and procedures may be treated as part of a plaintiff's complaint. Id. at 1112-13; see also McKinney v. Maynard, 952 F.2d 350, 353 n.8 (10th Cir.1991)(uncontroverted Martinez report may support a dismissal under Rule 12(b)(6))