21 F.3d 1120
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Edward CLAYTON, Plaintiff-Appellant,
v.
Robert J. TANSY, Warden, his agents, servants, employees and
others acting in aid and/or concert therewith,
Defendant-Appellee.
 No. 93-2322.
 United States Court of Appeals, Tenth Circuit.
 April 6, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Clayton, an inmate and pro se litigant, appeals an adverse summary judgment wherein the trial court held requiring an inmate to request legal materials by exact cite did not deprive the inmate of meaningful access to the courts. Mr. Clayton appeals this decision. We exercise jurisdiction, reverse, and remand.
 
 
 3
 This case has previously been before this Court. Mr. Clayton is an Oklahoma inmate being held in a New Mexico prison. Mr. Clayton originally demanded New Mexico bear the responsibility of furnishing him Oklahoma law and he complained New Mexico required him to furnish exact cites as a condition to receiving legal information. The trial court held it would have been Oklahoma's obligation to provide Mr. Clayton with Oklahoma statutes and case law, and Mr. Clayton appealed. We affirmed and remanded with instructions to consider the unaddressed "exact cite" claim. See Clayton v. Tansy, No. 92-2222.
 
 
 4
 Upon remand, the district court considered "the same pleadings and evidence." The file contained the affidavits of Mr. Clayton and two inmates stating prisoners must have the exact citation to secure desired legal materials, no one was available to assist in legal research, and the prison provided no alternatives to this method. The file also contained a Martinez report that contained a New Mexico procedure stating staff would furnish legal information concerning "subject areas."
 
 The district court stated:
 
 5
 Prison policy and procedure in the case before the court adequately provide an alternative to physical access to the law library--a restricted legal access telephone staffed by an assigned library officer or civilian library staff, who completes a "Legal Access Interview Form." That form asks for a subject area or legal citation. However, even if a de facto "exact cite" paging system existed, as Plaintiff claims, that would not constitute a violation of Plaintiff's right of access to the courts. Id. at 225 (7th Cir.1986).
 
 
 6
 We must set aside the trial court's finding that an alternate system exists. First, the supporting material identifies the alternative system only as a "procedure" or regulation and not as an implemented practice. Second, on summary judgment, it would be improper to resolve a contested issue of fact utilizing the Martinez report. Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir.1992); see Shabazz v. Askins, 980 F.2d 1333, 1335 (10th Cir.1992).
 
 
 7
 Alternatively, the trial court relied upon Campbell v. Miller, 787 F.2d 217 (7th Cir.), cert. denied, 479 U.S. 1019 (1986), as upholding the "exact cite" system. Campbell was an inmate in Marion (the only level six maximum security institution in the federal penitentiary system) and was housed in the Control Unit. The Control Unit was designated to house only those prisoners who were too great a security risk to be allowed in the general population. The Control Unit had a small law library to which the inmate had direct access, and the inmate was allowed adequate time in this library. The Seventh Circuit held that requiring the inmate to furnish an exact cite to obtain material from the main library resulted only in a reasonable delay and an inconvenience not rising to the level of a constitutional deficiency. We must conclude Campbell does not control this case as the factual background is too dissimilar.
 
 
 8
 Examining the record, several undisputed facts become crystal clear. Mr. Clayton, at the relevant time, was an inmate being held in maximum security because there were life threatening conflicts between Mr. Clayton and the other prisoners. Consequently, Mr. Clayton's access to the prison's law library had properly been restricted.
 
 
 9
 In describing his limited access to the law library, Mr. Clayton claims the law librarian visits the segregation unit daily, Monday through Friday, "to bring legal materials and to pick-up requests for legal materials." Mr. Clayton goes on to state: "[T]he defendants employ a paging system' where a prisoner must order cases or statutes or other legal materials he desires. In order to secure the desired materials the ... (prisoner) must have the correct citation.... The plaintiff is provided no alternative to the above method." Mr. Clayton further alleges that he is not provided research materials such as digests or ALR's and without these references he has no way of knowing the citation of the needed material. Mr. Clayton claims he is being prevented from pursuing post conviction relief as a result.
 
 
 10
 Prison inmates have a fundamental constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). This means, in part, prison officials must provide inmates with an adequate law library or general references, such as an encyclopedia, with adequate assistance. Prison officials must maintain security, and valid security concerns allow prison officials to limit access to the law library. Toussaint v. McCarthy, 801 F.2d 1080, 1108-09 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). However, when prison officials deny access to the library they must provide legal assistance in some other way. See id. at 1110. Legal research is near impossible when a layman is denied physical access to the library or alternatively denied assistance.
 
 
 11
 It may well be that Mr. Clayton has filed a false affidavit and prison officials are in fact doing what they claim. However, this determination cannot be made from opposing factual based affidavits on a motion for summary judgment.
 
 
 12
 The decision of the district court is REVERSED and this case is REMANDED for such other and further proceedings as may be just.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470