52 F.3d 337
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Christopher E. LONGSTRETH, Plaintiff-Appellant,
v.
R. Michael CODY; Pauletta Lewis; Tonita Hartless,
Defendants-Appellees.
 No. 94-6155.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff, an inmate of the Oklahoma Department of Corrections, appeals the district court's dismissal of his complaint brought pursuant to 42 U.S.C.1983 alleging deprivation of his right to access the courts. The district court found plaintiff's action to be frivolous and dismissed it on the authority of 28 U.S.C.1915(d). We determine whether the district court abused its discretion, see Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1734 (1992), when it concluded that plaintiff's claim lacked an arguable basis in either law or fact, see Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 3
 Plaintiff alleged that he was denied access to the courts when a new policy was instituted by officials of the Lexington Correctional Center regulating use of the law library.[2] Under the new policy, instead of being allowed to take books directly from the library shelves, inmates were required to ask for the desired materials from an inmate clerk. Plaintiff alleged that, in addition to depriving him of access to the courts, this policy forced him to reveal his confidential legal theories to other inmates and placed other inmates in positions of authority over him. Further, plaintiff alleged that the policy was instituted in retaliation for his recent litigation against prison authorities.
 
 
 4
 The district court adopted the recommendation of the magistrate judge and dismissed plaintiff's case, citing 28 U.S.C.1915(d).[3] Under the provisions of that statute, "[t]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Thus, this section "gives the district court 'the unusual power to pierce the veil of the complaint's factual allegations and dismiss [as frivolous] those claims whose factual contentions are clearly baseless.' " Shabazz v. Askins, 980 F.2d 1333, 1334 (10th Cir.1992)(quoting Neitzke, 490 U.S. at 327). Frivolous factual allegations are those that are fanciful, fantastic, delusional, irrational, or wholly incredible. Denton, 112 S.Ct. at 1733. Additionally, the district court can dismiss a claim under 1915(d) if it determines that the claim has no arguable basis in law. Neitzke, 490 U.S. at 325. Examples of claims based on indisputably meritless legal theory are "claims against which it is clear that the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist." Id. at 327 (citation omitted).
 
 
 5
 The Supreme Court in Bounds v. Smith, 430 U.S. 817, 828 (1977), held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." (Footnote omitted.) Unrestricted access to a law library, however, is not required. See Twyman v. Crisp, 584 F.2d 352, 357 (10th Cir.1978). "[P]rison regulations which reasonably limit the times, places, and manner in which inmates may engage in legal research and preparation of legal papers do not transgress the constitutionally protected rights so long as the regulations do not frustrate access to the courts." Id. at 358.
 
 
 6
 Plaintiff alleged in his complaint that, because of the new library policy, he was forced to file a reply brief in his state post-conviction proceeding and perfect the later appeal without benefit of reasonable and meaningful research. R. Vol. I, tab 2 at 5. In his reply brief to this court, plaintiff argues that the restrictions prevented him from "present[ing] his Federal Habeas Corpus in a meaningful manner." Appellant's Reply Br. at 5.
 
 
 7
 With regard to any possible effect from the new policy on plaintiff's state court reply brief, plaintiff does not allege that the resulting opinion from the Oklahoma state court failed to address all pertinent issues in his case. Indeed, we note that raising new issues is unavailing in a reply brief. See Indiana Nat'l Bank v. New York Dep't of Human Servs., 857 P.2d 53, 57 n. 2 (Okla.1993)("Failure to raise an issue in the petition in error is fatal to its consideration on appeal."). Plaintiff's allegation of injury here cannot overcome the presumption of regularity given to court proceedings even in the face of an arguably deficient reply brief.
 
 
 8
 With regard to "perfecting" his appeal, we note that nothing more is required to perfect an appeal than to file a timely petition in error, pay the cost deposit or file an IFP affidavit, do the requisite mailing, and enter an appearance. See Okla. Stat. Ann. tit. 12, Ch. 15, App 2, R. 1.14 (West 1995 Cum.Supp.). Unfettered library access is not necessary to accomplish this task. If plaintiff means more than the mere perfection of his appeal, he does not provide specific facts regarding this matter to preclude the need for speculation by this court as to whether such facts exist. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). The same is true of plaintiff's allegation regarding his federal habeas petition. At most, plaintiff's complaint amounts to no more than a manifestation of his annoyance that the library procedure is more cumbersome than it had been. The complaint, therefore, was properly dismissed under 1915(d) because it had no arguable basis in the law. See Neitzke, 490 U.S. at 327.
 
 
 9
 Plaintiff's claim that he was denied access in retaliation for his recent litigation activity falls into the category of delusional factual allegation. The new prison policy applied to all of the inmates at the Lexington facility. It is simply irrational to think that the policy was implemented solely to retaliate against plaintiff. This is the sort of factual frivolousness 1915(d) was designed to weed out. See Denton, 112 S.Ct. at 1733.
 
 
 10
 We join plaintiff's court-appointed attorney on appeal in being unable to find legal authority on which to base plaintiff's claim of injury due to prison policy allowing other inmates authority over plaintiff. Thus, this claim also fails to find an arguable basis in the law.
 
 
 11
 Because plaintiff does not specify any additional facts he could allege to establish his claims, we conclude the district court did not abuse its discretion by dismissing the complaint without leave to amend. See Denton, 112 S.Ct. at 1734. Further, because appointment of counsel in civil cases is usually reserved for the complex and novel case, Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir.1990), the district court did not abuse its discretion in refusing appointment, see Miller v. Glanz, 948 F.2d 1562, 1572 (10th Cir.1991).
 
 
 12
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We agree with the district court that plaintiff did not claim in the complaint that the library resources are themselves inadequate but only that his access was impermissibly restricted
 
 
 [3]
 Because this case was disposed of pursuant to 1915(d), and not on summary judgment as plaintiff's attorney suggests, the district court was not required to give plaintiff prior notice of the pending dismissal. See Neitzke v. Williams, 490 U.S. 319, 329-30 (1989)