67 F.3d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Johnnie Louis McALPINE, Plaintiff-Appellant,
v.
UNITED STATES of AMERICA and Federal Bureau of Prisons,
Defendants-Appellees.
 No. 956157.
 United States Court of Appeals, Tenth Circuit.
 Sept. 21, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.[2]
 
 
 1
 Plaintiff-appellant Johnnie Louis McAlpine, an inmate appearing pro se and in forma pauperis, appeals from the district court's dismissal of his civil rights complaint.
 
 
 2
 Mr. McAlpine, a Native American, relies upon 42 U.S.C.1983 and 1985(3); and 28 U.S.C. 1343(3), 1346(b), 1391, and 2672-80, and seeks injunctive relief. Mr. McAlpine initially sought money damages as well, but he dropped that portion of his claim. See I.R. doc. 19. He alleges that his constitutional rights have been violated because Title 25 of the United States Code was only available to him upon request, and was not a permanent part of the basic law library at FPC El Reno. Upon recommendation of the magistrate judge, the district court granted the government's Rule 12(b)(6) motion to dismiss for failure to state a claim, and additionally found that Mr. McAlpine's claim was legally frivolous and subject to dismissal under 28 U.S.C.1915(d) to the extent that it attempted to raise a claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). See I.R. docs. 15 & 20.
 
 
 3
 "We review de novo the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6), confining our review to the allegations of the complaint and taking them as true." Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir.1993). A dismissal under 1915(d) is reviewed for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Shabazz v. Askins, 980 F.2d 1333, 1333 (10th Cir.1992).
 
 
 4
 Section 1983 provides a remedy in instances where a plaintiff is deprived of his constitutional rights under color of state law. 42 U.S.C.1983. In the instant case, Mr. McAlpine alleges a violation of his rights by federal officials acting under color of federal law. Additionally, the constitutional right of access to the courts does not require constant access to Title 25 rather than simply having access upon request. See Bounds v. Smith, 430 U.S. 817, 828 (1977); Carter v. DeLand, 54 F.3d 613, 616 (10th Cir.1995); Johnson v. Moore, 948 F.2d 517, 521 (9th Cir.1991) ("[T]he prison's alleged lack of various titles of the United States Code does not contravene minimal constitutional standards. [Plaintiff] did not demonstrate ... that the equivalent information could not be obtained through alternative sources....") As for Mr. McAlpine's claim under the Federal Tort Claims Act, 28 U.S.C. 2671-80, he failed to exhaust his administrative remedies as required under Section 2675(a), thus making his claim premature. McAfee v. 5th Circuit Judges, 884 F.2d 221, 222-23 (5th Cir.1989) (per curiam). Finally, a Bivens-type action authorizes suits against federal officials directly, but not against the government itself or its agencies. Keene Corp. v. United States, 700 F.2d 836, 845 n. 13 (2d Cir.), cert. denied, 464 U.S. 864 (1983); Garcia v. United States, 666 F.2d 960, 966 (5th Cir), cert. denied, 459 U.S. 832 (1982).
 
 
 5
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument