George James COOK, Plaintiff-Appellant,

v.

Clyde WHITESIDE et al., Defendants-Appellees.

No. 74–2457

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 16, 1974.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I (5th Cir. 1970).

George James Cook, pro se.

John L. Hill, Atty. Gen., Jack Boone, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before COLEMAN, DYER and RONEY, Circuit Judges.

RONEY, Circuit Judge:

In this action alleging use of unconstitutional procedures in the consideration of plaintiff inmate's eligibility for parole, the district court held that the complaint "fails to satisfy the narrow standards for judicial challenges to parole denials as established by Scarpa v. United States Board of Parole, 477 F.2d 278 (5th Cir. 1973)."

The sole argument briefed to us by the Attorney General of Texas is that "the District Court below was correct in dismissing Appellant's complaint based upon the authority of Scarpa."

The district court order entered on April 25, 1974, and the attorney general's brief filed in this Court on July 18, 1974, completely overlook the fact that Scarpa has been questionable authority in this Court since October 9, 1973. On that date the Supreme Court vacated our judgment in Scarpa and remanded for determination of mootness. Scarpa v. United States Board of Parole, 414 U.S. 809, 94 S.Ct. 79, 38 L.Ed.2d 44 (1973). Thereafter this Court by order dated November 30, 1973, vacated the judgment of the district court with directions to dismiss the complaint as moot.

On June 26, 1974, a panel of this Court stated that "Scarpa has no precedential value." Ridley v. McCall, 496 F. 2d 213 (5th Cir. 1974).

A review of this case reveals, however, that the judgment of the district court should be affirmed without regard to the authority of Scarpa.

George James Cook, an inmate of the Texas Department of Corrections, brought the instant § 1983 civil rights action *pro se* against individual members of the Texas Board of Pardons and Paroles seeking injunctive and declarato-

ry relief. He alleged that the Board members had deprived him of rights protected by the Constitution and laws of the United States by (1) failing to appoint or provide counsel to represent him as an indigent prisoner at parole proceedings, (2) denying him access to his papers on file with the Board, (3) employing arbitrary and capricious procedures in considering prisoners for parole, thereby subjecting inmates to cruel and unusual punishment, (4) denying him a meaningful notification of the reasons for the denial of his parole, and (5) interfering with his right to rehabilitation. Without an evidentiary hearing, the District Court for the Southern District of Texas dismissed Cook's complaint for failure to state a claim upon which relief could be granted.

■■ As a basis for review, we note that a § 1983 complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L. Ed.2d 80 (1957). We are also cognizant that the pleadings of *pro se* litigants should not be held to standards as stringent as the formal pleadings of attorneys. With these guidelines in mind, we examine the five counts of Cook's complaint individually.

■ In the first count of his complaint, Cook claims that the members of the Board deprived him of his constitutional rights to due process and equal protection of the laws by failing to provide him, as an indigent prisoner, with representation by counsel at parole eligibility proceedings. In Buchanan v. Clark, 446 F.2d 1379 (5th Cir.), cert. denied, sub nom. Buchanan v. United States, 404 U.S. 979, 92 S.Ct. 347, 30 L. Ed.2d 294 (1971), we approved a holding that assistance of counsel is not required at a parole application hearing.

■ As his second cause of action, Cook alleges that the members of the Board denied him access to his papers on file with the Board in violation of Article 42.12, Section 13 of the Vernon's Ann.Texas Code of Criminal Procedure (1966). The statute reads in pertinent part,

All minutes of the Board and decisions relating to parole, pardon and clemency shall be matters of public record and subject to public inspection at all reasonable times.

From the face of Cook's complaint, we are unable to determine whether his papers on file with the Board are either "minutes" or "decisions relating to parole" which the statute makes matters of public record. Assuming arguendo that Cook's papers do fall within the purview of the statute, the failure of the Board to allow Cook to see his file does not assume the proportions of a deprivation of his rights under the Constitution or the laws of the United States.

■ Third, Cook claims that the actions of the members of the Board in granting or denying parole are arbitrary and capricious, but he fails to allege facts to support his allegation. Without some factual foundation, Cook's assertion of arbitrary and capricious action is not sufficient in and of itself to state a claim upon which relief can be granted under 42 U.S.C.A. § 1983. As to the psychological distress which, according to Cook, the prisoners suffer from the arbitrary and capricious denials of paroles, we decline to equate disappointment with cruel and unusual punishment prohibited by the Eighth Amendment.

■ In the fourth count of his complaint, Cook alleges that the members of the Board failed to give him meaningful notification of the reasons for the denial of his parole. As an exhibit to his complaint, however, Cook attached a printed form upon which the members of the Board had indicated the specific grounds for the refusal of his parole. Assuming without deciding that a prison inmate has the right to know why his parole was denied so that he can attempt to correct his misdoings in a successful manner, *cf.* Johnson v. Heggie, 362 F. Supp. 851 (D.Colo.1973), it appears

from the complaint that the members of the Board did inform Cook of the reasons for the denial of his parole.

 The fifth count of Cook's complaint suffers from the same deficiencies as the third count. Although Cook states that the members of the Board have denied him rehabilitation through the abuse of their discretionary powers, Cook does not allege any facts to identify those discretionary powers which he claims that the members of the Board have abused. A mere allegation that the members of the Board have abused their discretionary powers is not sufficient to state a claim upon which relief can be granted under 42 U.S.C.A. § 1983. Accordingly, the judgment of the district court dismissing Cook's complaint is

Affirmed.