Thomas W. SHAW, Plaintiff-Appellant,

v.

Dolph BRISCOE, Governor of Texas, et al., Defendants-Appellees.

No. 76–2637
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 29, 1976.

Thomas W. Shaw, pro se.

John L. Hill, Atty. Gen., Dave M. Kendall, Jr., Asst. Atty. Gen., Walter C. Prentice, Asst. Atty. Gen., Austin, Texas, for defendants-appellees.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Appellants, two inmates in the custody of the Texas Department of Corrections, filed this action challenging the constitutionality of Texas' parole procedures. The District Court originally determined that this action should have been brought as a habeas petition rather than a civil rights action and dismissed the suit.

On appeal of that ruling, this Court reversed and remanded with directions to treat it as an action under 42 U.S.C. § 1983, since the appellants had sought declaratory as well as injunctive relief against denial of parole. *Shaw v. Briscoe,* 5 Cir. 1976, 526 F.2d 675.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**490**

On remand, the District Court again dismissed the complaint, this time in light of this Court's recent decision in *Brown v. Lundgren*, 5 Cir. 1976, 528 F.2d 1050. We affirm.

At the heart of appellants' complaint is their claim that the procedures followed by the Texas Board of Pardons and Paroles deny to prospective parole applicants certain minimum due process protections. Specifically, they seek a determination that they are entitled to: (1) examine the records, files, and documents used by the Board; (2) a hearing before the Board; (3) a written narrative of the reasons for the Board's decision; and (4) the right of appeal from an adverse determination.

Lastly, the appellants allege that the participation by the Governor of the State of Texas in the parole process violates Art. IV, § 11 of the Texas Constitution.

As a starting point for review, we note that a § 1983 complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). We are also aware that the pleadings of a pro se complaint should be held to less stringent standards than the formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1971). Nevertheless, dismissal was proper in this case.

The arguments made by appellants have been presented to this Court in a prior case and were rejected. *Cook v. Whiteside*, 5 Cir. 1974, 505 F.2d 32. Likewise, we have recently addressed similar questions in a federal context and decided it adversely to appellants' position. *Brown v. Lundgren*, 5 Cir. 1976, 528 F.2d 1050. We note also that the appellants were given written notification of the factors and reasons underlying the Board's decision to deny parole.

Finally, the question of whether the role of the Governor of the State of Texas in the state parole process contravenes state law is not an issue which rises to federal constitutional proportions. See *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Sellars v. Estelle*, 5 Cir. 1976, 536 F.2d 1104; *Huffman v. Estelle*, 5 Cir. 1976, 536 F.2d 1106; *Woodard v. Beto*, 5 Cir. 1971, 447 F.2d 103.

AFFIRMED.