**James CRAFT, Plaintiff-Appellant,**

v.

**The TEXAS BOARD OF PARDONS AND PAROLES, Clyde Whiteside, Chairman, Charles Shandera, Selma Wells, member, Defendants-Appellees.**

**No. 76–3620**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

April 15, 1977.

---

\* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

James Craft, pro se.

John L. Hill, Atty. Gen., Walter C. Prentice, Asst. Atty. Gen., David M. Kendall, First Asst. Atty. Gen., Joe B. Dibrell, Jr., Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Plaintiff, a Texas state prisoner, brought this action under 42 U.S.C.A. § 1983 to attack the decision-making procedures used by the defendant Board of Parole. His *pro se* complaint raises three due process claims: (1) that he was denied access to his parole file; (2) that defendant's guidelines are vague and arbitrary; and (3) that he was not provided with the reasons for his

parole denial. He also claims that the uncertainty engendered by the Texas parole procedures constitutes cruel and unusual punishment. The district court dismissed the complaint for failure to state a claim upon which relief could be granted. Because plaintiff's claims are barred by prior decisions of this Court, we affirm.

Two observations are appropriate at the outset. First, a § 1983 complaint is not to be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Second, *pro se* pleadings are to be held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1971). Neither doctrine is adequate to rescue the plaintiff in this case.

This Court has already held that the refusal to allow a Texas state prisoner access to his papers on file with the Parole Board did not assume the proportions of a deprivation of constitutional rights. *Shaw v. Briscoe*, 541 F.2d 489 (5th Cir. 1976); *Cook v. Whiteside*, 505 F.2d 32 (5th Cir. 1974).

Parole Board standards in deciding parole applications are of concern only where arbitrary action results in the denial of a constitutionally protected liberty or property interest. The expectancy of release on parole is not such an interest. *Brown v. Lundgren*, 528 F.2d 1050 (5th Cir.

1976). Furthermore, other than pointing to the wording of the relevant articles of the Texas Code of Criminal Procedure governing the Parole Board, the plaintiff has presented no facts to support his allegation of arbitrary action. Without some factual foundation, the mere assertion of arbitrary action does not state a cause of action. *Cook v. Whiteside, supra.*

Concerning the claim that plaintiff did not receive notification of the reasons for his parole denial, we note that he was given a printed form on which several reasons for the denial were designated. Such a form is sufficient to comply with whatever due process rights a prisoner may have to be informed as to why he was denied parole. *Cook v. Whiteside, supra.*

As to the claim of cruel and unusual punishment, this Court has previously stated "[a]s to the psychological distress which, . . . prisoners suffer from the arbitrary and capricious denials of paroles, we decline to equate disappointment with cruel and unusual punishment . . . ." *Cook v. Whiteside*, 505 F.2d at 34.

The district court was correct in dismissing for failure to state a claim.

AFFIRMED.