Albert JOHNSON, Plaintiff-Appellant,

v.

Selma WELLS et al.,
Defendants-Appellees.

No. 77–2699
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 1978.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409.

Albert Johnson, pro se.

John L. Hill, Atty. Gen., Walter C. Prentice, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before THORNBERRY, RONEY and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Albert Johnson, a Texas state prisoner, filed this civil rights action under 42 U.S.C. § 1983, alleging that the Governor of Texas and various Texas state parole officials had capriciously and arbitrarily denied him parole in the years 1974, 1975 and 1976. He contends that:

(1) At each denial of parole, the Parole Board failed to indicate "why or how a prisoner could better himself to overcome the Board's reasons for the denial of parole."

(2) The Parole Board did not thoroughly review the facts, including "parole Plan" submitted by appellant.

(3) The denial of parole on the basis of " 'long and lenghty [sic] involment [sic] with or use of narcotics . . .' " is without proof.

(4) The Parole Board's actions were not in compliance with the "United States Administrative Procedure Act envoked [sic] in 1974" which grants the right to a parole hearing and a statement of reasons where parole is denied.

(5) The Parole Board improperly considered appellant's prior criminal record in determining whether to grant parole.

On this suit, the plaintiff sought a declaratory judgment, an injunction, and damages totaling $350,000.

The district court did not treat the complaint in a technical manner. Instead, it read appellant's *pro se* allegations in a liberal fashion. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, after doing this, he dismissed the complaint because it fails to state a claim for which relief can be granted under federal law. Rule 12(b)(6), F.R.Civ.P.

The allegations of a complaint filed under Section 1983 must be accepted as true when the judge evaluates them to see whether they state a claim. *Haines v. Kerner, supra.*

A complaint filed under Section 1983 should not be dismissed unless it appears that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

But the mere statement in a complaint that the Parole Board has taken arbitrary and capricious action is not sufficient to state a claim upon which relief can be granted under 42 U.S.C. § 1983. The applicant must set forth specific facts that would, if proved, warrant the relief he seeks. *Cook v. Whiteside,* 5 Cir. 1974, 505 F.2d 32. This court has already held that the refusal to allow a Texas state prisoner a hearing before the Parole Board, and the lack of a written statement of the reasons for the Board's decision, do not amount to the deprivation of constitutional rights. *Shaw v. Briscoe,* 5 Cir. 1976, 541 F.2d 489; *Cook v. Whiteside, supra.* The printed form used by the Texas State Parole Board to notify a prisoner of the reasons for his parole denial has been held to be sufficient to comply with whatever due process rights a prisoner may have to be informed concerning why he was denied parole. *Craft v. Texas Board of Pardons and Paroles,* 5 Cir. 1977, 550 F.2d 1054; *Cook v. Whiteside, supra.*

Appellant concedes that he has been denied parole due to his prior criminal record and his prior association with drugs. In making its parole eligibility determinations, the Parole Board may properly consider the

length and seriousness of an inmate's prior criminal record. *Roach v. Board of Pardons and Paroles,* 8 Cir. 1974, 503 F.2d 1367.

■ The provisions of the Administrative Procedure Act, in particular, 5 U.S.C. §§ 551(1), 551(12), and 555(e), may apply to a federal prisoner denied parole. *See Brown v. Lundgren,* 5 Cir. 1976, 528 F.2d 1050; *Mitchell v. Sigler* (N.D.Ga.1975), 389 F.Supp. 1012. However, the Texas State Parole Board is not a federal agency; therefore, it is not an "agency" within the meaning of the 5 U.S.C. § 551(1).

■ Parole Board standards in deciding parole applications are of concern only where arbitrary action results in the denial of a constitutionally protected liberty or property interest. *Craft v. Texas Board of Pardons and Paroles, supra.* The expectancy of release upon parole is not such an interest. *Brown v. Lundgren, supra. See Shaw v. Briscoe, supra (Brown v. Lundgren* relied upon in state prisoner context). *See also Cruz v. Skelton,* 5 Cir. 1976, 543 F.2d 86.

■ Appellant's brief on appeal alleges that the actions of the Parole Board are racially and economically discriminatory. (App. brief 1–2). These allegations were not presented to the district court. Further, they are conclusory statements unsupported by factual averments. If the appellant wishes to present them, he must do so in a new petition to the district court in which he sets forth the specific facts on which the charges are based.

■ It is also to be noted that the parole officials are immune from suit for damages under the Civil Rights Act, 42 U.S.C. § 1983. *Cruz v. Skelton,* 5 Cir. 1974, 502 F.2d 1101.

For these reasons, the district court's judgment is AFFIRMED.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.