William G. LONG, Plaintiff-Appellant,

v.

Dolph BRISCOE, Individually and as Governor of Texas, Defendant-Appellee.

No. 77–2923

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 1, 1978.

Rehearing and Rehearing En Banc Denied April 6, 1978.

William G. Long, pro se.

John L. Hill, Atty. Gen., David M. Kendall, Jr., Joe B. Dibrell, J. E. Seymour, Asst. Attys. Gen., Austin, Tex., for defendant-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court dismissing the civil rights complaint of this Texas state prisoner. We affirm.

The appellant, convicted of murder, is serving sentences imposed in 1959 totaling 198 years. After parole had been denied seven times, the Parole Board recommended appellant for parole in early 1977. On April 25, 1977, however, the Governor rejected parole for these reasons:

1. Criminal behavior pattern
2. Nature and seriousness of offenses
3. Protest
4. Lack of positive parole orientation or motivation
5. Assaultive tendencies or potential

Appellant filed his civil rights complaint for declaratory and injunctive relief against the appellee, individually and as Governor of Texas. He contends that consideration of his past record as an item for parole eligibility is double jeopardy. He also contends that the Governor has given weight to factors which should not have been considered in overriding the decision of the Board. The district court dismissed on the basis of *Cruz v. Skelton*, 543 F.2d 86 (5th

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

**1120**

Cir. 1976), but granted leave to appeal *in forma pauperis.*

■ This Court has previously held that the participation of the Governor of Texas in the parole process does not present a federal constitutional issue. *Shaw v. Briscoe,* 541 F.2d 489 (5th Cir. 1976), *cert. denied,* 430 U.S. 933, 97 S.Ct. 1556, 51 L.Ed.2d 778 (1977). Pursuant to this Court's opinion in *Brown v. Lundgren,* 528 F.2d 1050 (5th Cir.), *cert. denied,* 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976), the factors used to determine federal parole cannot be reviewed in federal court absent a showing of arbitrariness or abuse of discretion. Assuming without deciding that such a standard for federal review could be equally applicable to the Governor in state parole proceedings, appellant has alleged insufficient facts to show arbitrariness or abuse of discretion.

AFFIRMED.