**Brian STACK, Plaintiff and Appellant,**

v.

**Gregory MARTINEZ, Guard, Utah State Prison, Defendant and Respondent.**

**No. 17878.**

Supreme Court of Utah.

Dec. 8, 1981.

---

STEWART, J., concurs in the result.

Here, the alleged conduct, although perhaps resulting from appellant's confinement, is not incidental to the punishment for his criminal activity. Accordingly, we affirm the lower court's dismissal for failure to state a claim upon which relief could be granted.[5]

Brian Stack, pro se.

David L. Wilkinson, Atty. Gen., Douglas C. Richards, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

PER CURIAM:

Appellant, a prisoner at the Utah State Prison, brought this action against respondent, a guard at the prison, pursuant to 42 U.S.C. § 1983, alleging that his Eighth Amendment Constitutional rights had been violated. The question presented is whether the conduct of respondent, assuming the facts in appellant's favor,[1] is such as to constitute cruel and unusual punishment.

The facts, as alleged by appellant, are that respondent offered to illegally provide appellant with controlled substances if appellant would perform fellatio upon respondent. Respondent denies this allegation. On behalf of respondent, the State contends that even assuming the truthfulness of appellant's claim, it is not actionable under § 1983.[2]

While appellant may have some basis for bringing an action in tort, it does not necessarily follow that the alleged action constitutes cruel and unusual punishment. The prohibition against such punishment is directed towards the type of punishment imposed for the violation of a criminal statute,[3] rather than some incident or circumstance unassociated with the actual punishment.[4]

1. Because of the nature of this allegation, we deem it important to point out that this matter did not proceed factually beyond the allegation stage, and we do not impute any wrong-doing on respondent's part.

2. Section 1983 provides for civil liability for any person who, under color of authority, subjects any other person to the deprivation of his constitutional or legal rights.

3. Powell v. State of Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968).

4. Lamb v. Hutto, 467 F.Supp. 562 (E.D.Va. 1979); Cook v. Whiteside, 505 F.2d 32 (5th Cir. 1974); and Fisher v. Woodson, 373 F.Supp. 970 (E.D.Va.1973).

