USCA1 Opinion

 

 January 20, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1508 LUIS M. ESTRADA, JR., Plaintiff, Appellant, v. GEORGE A. VOSE, JR., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Luis M. Estrada, Jr. on brief pro se. ____________________ Michael B. Grant, Senior Legal Counsel, Rhode Island Department _________________ of Corrections, on brief for appellee. ____________________ ____________________ Per Curiam. Appellant Luis M. Estrada, Jr. filed a __________ civil rights action in the Rhode Island district court. He is serving a sentence pursuant to a Rhode Island conviction and currently is incarcerated in the federal penitentiary in Terre Haute, Indiana. He raises two issues on appeal: (1) whether his constitutional right of access to the courts has been infringed due to his incarceration in Indiana; and (2) whether he has a constitutional right of access to his prison files to correct allegedly erroneous information placed there as a result of the investigation leading up to the transfer decision. Although the district court did not address these issues, the generality of the first claim and the speculative nature of the second make a remand unnecessary. We review a grant of summary judgment de novo. ________ Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 _______ ___________________________ (1st Cir. 1993). In so doing, we view the record in the light most favorable to the nonmovant, indulging all reasonable inferences in his or her favor. Garside v. Osco _______ ____ Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990). In relation to __________ issues on which appellant bears the burden of proof, however, he is obligated to "reliably demonstrate that specific facts sufficient to create an authentic dispute exist." See id. ___ ___ That is, he "must produce evidence which would be admissible at trial to make out the requisite issue of material fact." See Kelly v. United States, 924 F.2d 355,357 (1st Cir. 1991). ___ _____ _____________ A. Access to Courts ________________ It is "established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. ______ Smith, 430 U.S. 817, 821 (1977). To meet this standard, _____ prison authorities must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828 (footnote omitted). ___ Appellant has alleged the following facts in support of his assertion that prison officials have not met the requirements of Bounds. ______ First, he states that the prison library in Indiana does not contain any sources of Rhode Island law and that there is no one at the prison familiar with Rhode Island law. This situation has impeded appellant in the prosecution of a state post-conviction review proceeding to reduce his sentence; he asserts that the matter currently is on appeal and that he has had to file a "pre-brief statement in the blind." Appellant has not submitted copies of any of the pleadings he has filed in the state courts nor does he refer to the titles or docket numbers of these alleged state court actions. The ACI official, Joseph DiNitto, who has been appointed to assist appellant with his legal needs wrote a letter to appellant. In it, he states that there are no -3- cases concerning appellant pending in the Rhode Island Supreme Court and only one case in the state Superior Court (in which no action had been taken for several months). In the letter, DiNitto also offers to assist appellant with his legal needs. However, DiNitto goes on, appellant must provide more detailed information concerning the status of his state cases and must be more specific concerning the research material appellant requires. Finally, DiNitto inquired whether appellant had contacted the Office of the Public Defender for assistance. Based on the above, we do not think that appellant has submitted sufficient evidence to demonstrate the existence of an issue of material fact. Significantly, there is no indication that appellant ever responded to DiNitto's letter. The fact that appellant was "highly skeptical" that DiNitto could held him is, at best, an "arrant speculation" and cannot suffice to defeat summary judgment. See Kelly, ___ _____ 924 F.2d at 357. The letter requested reasonable information and, in the absence of any evidence that upon receiving such data from appellant, DiNitto would not have provided assistance, the letter represents adequate assistance under Bounds. ______ B. Access to Prison Files ______________________ Cases have uniformly held that a prisoner has no constitutional right of access to his or her prison files. -4- See, e.g., Slocum v. Georgia State Bd. of Pardons and ___ ____ ______ _____________________________________ Paroles, 678 F.2d 940, 942 (11th Cir.), cert. denied, 459 _______ _____________ U.S. 1043 (1982); Paine v. Baker, 595 F.2d 197, 200 (4th _____ _____ Cir.) (prisoner has no constitutional right of access to prison files), cert. denied, 444 U.S. 925 (1979); Cook v. ____________ ____ Whiteside, 505 F.2d 32, 34 (5th Cir. 1974) ("failure of _________ [parole] Board to allow [prisoner] to see his file does not assume the proportions of a deprivation of his rights under the Constitution or the laws of the United States"). Appellant argues that in his case, this rule should be relaxed and that prison officials should be required to expunge the allegedly erroneous information. In support of his claim, appellant first asserts that if an inmate has been found guilty based on an "institutional report," good-time credits are deducted on a day-for-day basis for each day spent in lockup. His second argument is that he is scheduled to appear before the parole board in February 1994 and that the inaccurate information can be relied on by the board. Both of these occurrences, he concludes, implicate his constitutional rights to a significant degree. We think that these allegations are too uncertain to create a question of material fact concerning whether appellant is entitled to equitable relief. See Lopez ___ _____ v. Garcia, 917 F.2d 63, 67 (1st Cir. 1990) (to obtain ______ injunctive relief, plaintiff must show that there is a -5- likelihood that defendants will engage in unlawful conduct in the future). For the foregoing reasons, the judgment of the district court is affirmed. ________ -6-