Honorable Vim Wright, Chair Washington Conservation Commission P.O. Box 47721 Olympia, Washington 98504-7721
Dear Ms. Wright:
By letter previously acknowledged, you have asked for our opinion on the following questions, slightly paraphrased for clarity:
 1. Are farm plans, developed in whole or in part by conservation district staff, public documents within the meaning of the Public Disclosure Act, RCW Chapter 42.17?
 2. If the answer to question 1 is yes, are farm plans available for public inspection and copying?
 3. Assuming that farm plans in the possession of a federal agency would be exempt from public disclosure under federal law, does federal law preempt the state Public Disclosure Act to make the same category of document nondisclosable by a state or local agency?
 BRIEF ANSWERS
Farm plans are public documents within the meaning of the state Public Disclosure Act. There is no general constitutional or statutory provision which would exempt farm plans from public disclosure and copying, although portions of certain documents might in some cases be exempt. Even though a similar document might not be disclosable by a federal agency, there is nothing in federal law which would prevent a state from determining the disclosure status of its own records.
 ANALYSIS
Your questions are about the public disclosure of documents called "farm plans". Your letter does not provide a description of these documents, but we understand that, in general terms, they are plans developed by the staff of a conservation district[1] in connection with a farmer's application for assistance in accomplishing a conservation project. In considering such applications, and in determining how public funds should be spent, the conservation district staff work with the farmer to determine how best to accomplish the purpose of the project. Thus, a farm plan might call for the creation of structures to retain or to divert water, movement or stabilization of soil, planting of vegetation, or changes in farming practice relating to crops or livestock.[2]
Typically, public funds are provided to the farmer to assist in accomplishing the farm plan. In that sense, the plan, while individual to a farm, is directly related to the purpose for which conservation districts exist. Farm plans are developed through cooperation between the farm owner and the district staff, and written copies are typically retained by the district in its records to document the district's activities. With this general background, we turn to your specific questions.
1. Are farm plans, developed in whole or in part by conservationdistrict staff, public documents within the meaning of the PublicDisclosure Act, RCW Chapter 42.17?
The general law governing access to public records held by state and local agencies is the Public Disclosure Act, codified as RCW Chapter 42.17. The Act defines the term "public record" as follows:
 "Public record" includes any writing containing information relating to the conduct of government or the performance of any governmental or proprietary function prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics.[3]
RCW 42.17.020(36). Farm plans are written documents relating to the conduct of a conservation district, a local agency created under state law. Farm plans are prepared, owned, used, and retained by conservation districts. From the plain language of the statute, we conclude that farm plans are "public documents" as defined by the Public Disclosure Act. Therefore, we answer your first question in the affirmative.
2. If the answer to question 1 is yes, are farm plans available forpublic inspection and copying?
As a general rule, public records in Washington are available for public inspection and copying:
 Each agency, in accordance with published rules, shall make available for public inspection and copying all public records, unless the record falls within the specific exemptions of subsection (6) of this section, RCW 42.17.310, 42.17.315, or other statute which exempts or prohibits disclosure of specific information or records. . . .
RCW 42.17.260(1) (emphasis added). As public records, then, farm plans are subject to public disclosure unless they fall within one of the statutory exemptions, either in the Public Disclosure Act itself or elsewhere in state law. RCW 42.17.310 contains an extensive list of documents or information which are exempt from public disclosure, and RCW 42.17.313 through .31915 contains additional exemptions in separate statutes. There are also exemptions for specific agencies codified elsewhere and not in Chapter 42.17. However, our research did not reveal any exemption covering farm plans or similar records.[4]
Another consideration is whether disclosure of a public record would violate a right of privacy. The state cases recognize the possibility that disclosure of a record might violate someone's privacy right, but they have defined the right of privacy in narrow terms. In Hearst Corp.v. Hoppe, 90 Wn.2d 123, 580 P.2d 246 (1978), the state supreme court considered a request by a newspaper to inspect property tax assessment records. The county assessor declined to produce the records, citing taxpayers' privacy rights, among other grounds. The Supreme Court rejected all the assessor's defenses and ordered release of the records. On the "right of privacy" issue, the court adopted the definition of "privacy" taken from the law of tort:
 One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person and (b) is not of legitimate concern to the public.
Id. at 135-36 (quoting from Restatement (Second) of Torts § 652D at 383 (1977)) (emphasis added). The court found nothing in the property tax records that revealed "intimate details of anyone's private life". HearstCorp. v. Hoppe, 90 Wn.2d at 138. In a later case, In Re Request ofRosier, 105 Wn.2d 606, 717 P.2d 1353 (1986), the same court found that the names and home addresses of utility customers were publicly disclosable, at least in the absence of any adverse social implication flowing from status as a utility customer. Later cases give no indication that the court is inclined to broaden its notion of what privacy is constitutionally protected.
As we understand the nature of "farm plans", these documents, like property tax records, are highly unlikely to include the "intimate details of anyone's private life".[5] Even if they contain "personal" information, such as the names of the farm owner or tenants, addresses, and similar information, our courts have not held that "personal" information is thereby "private". Furthermore, the second part of theHoppe test is met here, because farm plans do help explain the expenditure of public money, and the public has a legitimate interest in seeing that public dollars are spent according to the law. To summarize, then, we do not understand that, as a general matter, farm plans are subject to any statutory or constitutional exception to the general rule making public records disclosable. Certain information within a farm plan might be nondisclosable, if it came within the terms of a statutory exemption or if its disclosure would violate privacy rights as discussed above.
3. Assuming that farm plans in the possession of a federal agency wouldbe exempt from public disclosure under federal law, does federal lawpreempt the state Public Disclosure Act to make the same category ofdocument nondisclosable by a state or local agency?
As we understand it, your third question is predicated upon a close relationship which many conservation districts have with local offices of the Natural Resource Conservation Service (NRCS), a branch of the United States Department of Agriculture. The missions of these two types of agencies complement each other. They often cooperate in their activities and, in some cases, local conservation district offices are co-located with NRCS local offices. "Farm plans", the subject of your request, may be produced either by Conservation District employees or by NRCS employees, and apparently contain similar or even identical information. Some farm plans may be produced through co-operative effort between the district and the NRCS staff. Particularly, when co-located, the two agencies often share information with one another and may even use a single filing system to store and retrieve their documents.[6]
The NRCS, as a federal agency, is not, of course, subject to the state public disclosure laws. The governing acts for federal agencies include the Freedom of Information Act (FOIA), 5 U.S.C. § 551 and its companion statute the Privacy Act, 5 U.S.C. § 552.[7] Your request letter informs us that the NRCS takes the position that farm plans are nondisclosable under FOIA.[8] The question then becomes whether some principle of federal preemption likewise renders the farm plans nondisclosable in the hands of a state or local agency. We considered three ways in which FOIA might apply to the records in question: (1) FOIA applies generally to records held by state and local agencies; (2) FOIA applies to the farm plans in particular, because federal funds or federal employees might have participated in the creation and custody of either the specific records requested or similar records; or (3) under the terms of some intergovernmental agreement or federal funding program, these records are made subject to federal rather than state disclosure law.
As to the third possibility, your request has not given us any facts indicating the existence of an intergovernmental agreement or federal program with terms making a conservation district's records subject to FOIA rather than the state's Public Disclosure Act. Since such an agreement would obviously be relevant to the discussion, we assume that if there were one, you would have included that information in your opinion request. Otherwise, we do not reach the issue and would have to examine the specifics of any documents addressing such a point.[9]
The Freedom of Information Act does not by its own terms cover state or local agencies. FOIA's definition of "agency" includes "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency". 5 U.S.C. § 552(f)(1). Although the Supreme Court has never interpreted the scope of this term, all the federal circuit courts considering the question have held that FOIA applies only to federal, and not to state, agencies. Grand Cent.Partnership, Inc. v. Cuomo, 166 F.3d 473 (2d Cir. 1999); Philip MorrisInc. v. Harshbarger, 122 F.3d 58 (1st Cir. 1997); Day v. Shalala,23 F.3d 1052 (6th Cir. 1994); St. Michael's Convalescent Hosp. v. Stateof Cal., 643 F.2d 1369 (9th Cir. 1981); Johnson v. Wells, 566 F.2d 1016
(5th Cir. 1978). Our state supreme court has also found, rejecting a contrary argument by the University of Washington, that FOIA does not apply to state agencies and institutions. Progressive Animal Welfare Soc'yv. Univ. of Wash., 125 Wn.2d 243, 884 P.2d 592 (1994). Given this strong and consistent case precedent, we reject any suggestion that FOIA extends to the records of a conservation district.
That leaves only one argument: that "farm plans" are somehow "federal" records even when they are produced and kept by state or local agencies, either jointly with the federal agency or solely by the state or local agency. As we understand it, "federal" involvement in a farm plan would typically take two possible forms: (1) a conservation district, though itself a local agency created pursuant to state law, typically receives and administers federal funds, such that federal money is subsidizing the activities of the local district, including the development of farm plans; and (2) at least in some cases, federal employees may participate in developing farm plans.
Again, however, the case law makes it clear that FOIA does not cover records outside the custody of the federal government even if federal funds or federal employees were involved in generating the records. InForsham v. Harris, 445 U.S. 169, 100 S. Ct. 977, 63 L. Ed.2d 293 (1980), the Unites States Supreme Court considered a request, made citing FOIA, for the records of a privately controlled organization conducting diabetes research under a grant from a federal agency. The Court held that the private organization was not an "agency", and therefore FOIA did not govern access to the records in question. The federal agency's potential access to the records, and eventual entitlement to possession of them, were held not sufficient to make the records disclosable through a FOIA request to the private organization. Forsham concerned a private corporation, rather than a state or local agency, but the principles are equally applicable here.
Even more helpful to the discussion is a circuit court case. In PhilipMorris, Inc. v. Harshbarger, 122 F.3d 58 (1st Cir. 1997), several cigarette manufacturers challenged a Massachusetts act requiring cigarette companies to make certain public disclosures, asserting that the Massachusetts statute was preempted by several federal statutes, making some of the same information exempt from disclosure. The court included a discussion of FOIA as it upheld the state statute:
 While the statutes strictly forbid unauthorized disclosure, the proscriptions govern the conduct of only certain federal officers or employees. For example, the laws bestow upon the collected information the benefit of the trade secrets exemption in the Freedom of Information Act ("FOIA"). See 5 U.S.C. § 552(b)(4). The FOIA, however, by its own terms, applies only to federal executive branch agencies. See 5 U.S.C. § 551(1), 552(a). Thus, HHS employees and other federal employees need not make publicly available the collected information under the FOIA, but the exemption would not inhibit the conduct of state agencies possessing such information, which are not governed by the FOIA in the first instance.
Id., 122 F.3d at 83 (footnotes omitted) (emphasis added). The court found that the fact that a document is nondisclosable in the hands of a federal agency does not mean that the same information is nondisclosable in the hands of a state or local agency. Each government has developed its own rules of public disclosure, and Congress has adopted certain standards for federal agencies which may differ from the standards set forth in state law for state and local governments.[10] Thus, even though farm plans may not be available through a FOIA request to an NRCS office, they may nonetheless be disclosable through a request to a state or local agency which happens to possess the same or similar records.[11] While this outcome might occasionally produce anomalous legal situations, it is a predictable outgrowth of a federal system in which separate governments have the authority to decide how to order their respective internal affairs.
To summarize on the facts as we understand them, the disclosability of farm plans in response to a request made to a conservation district possessing such records is entirely a matter of state law governed by the Public Disclosure Act. FOIA is not relevant to such a request and therefore does not preempt state law.
We trust the foregoing will be of assistance to you.
Very Truly Yours,
JAMES K. PHARRIS Senior Assistant Attorney General
[1] Conservation districts are governmental subdivisions of the state organized to carry out a number of functions relating to land conservation. RCW 89.08.220. The duties of conservation districts are primarily spelled out in RCW 89.08.
[2] The term "farm plan" appears to derive from the federal programs which operate in parallel with conservation district activities. There is a general description of the contents of a "conservation farm plan" in federal statute. 16 U.S.C. § 3839bb(d). Federal regulations relating to specific federal programs also use the term, though the contents of a farm plan vary somewhat from one program to another. As an example, the "conservation farm option" program of the Commodity Credit Corporation describes a "conservation farm plan" as including a description of resource conserving crop rotation and other conservation practices, a schedule for the implementation of these practices, and documentation that the plan will result in maintaining or exceeding net environmental benefits for the whole farm. 7 C.F.R. § 1468.9.
[3] The remainder of the subsection relates only to legislative records and is not relevant to this discussion. RCW 42.17.020(42) defines "writing" very broadly, to include such things as video and sound recordings, electronic data, and other media, in addition to "traditional" paper records.
[4] It is possible, though unlikely, that one or more of the statutory exemptions would apply to information contained within a specific farm plan. In case of a public records request, any agency has an obligation to review the records requested to see if they contain nondisclosable information, even if the records themselves are otherwise subject to public disclosure. Depending on the exemption, it may also be necessary to determine whether disclosure of a record would violate personal privacy or vital governmental interests. RCW 42.17.310(2). If so, the disclosure act generally directs that nondisclosable matter be redacted from the document and that the remainder be furnished for public inspection and/or copying. Id.
[5] Even if they did, it might well be possible to redact those portions of a record and to disclose the remainder.
[6] However, your questions only concern documents produced and maintained by the conservation districts. This opinion will not attempt to sort out the details of all possible arrangements between districts and federal agencies concerning the production and custody of records. A record might be generated by the federal agency, with copies in the custody of the district, or the reverse. A record might be generated through joint federal/state or federal/local activity, with copies in district custody. A record might be generated by a third party, with copies held by both the district and the local NRCS office. As discussed below, however, both the Public Disclosure Act and the federal FOIA appear to cover records in the custody of the subject agency, no matter where those records were generated. Thus, for instance, FOIA and not the state act would govern a disclosure request made to the NRCS for a document originally generated by a conservation district, even though the district might be holding another copy of the document. The converse would also be true: records in the custody of a district would be governed by state law.
[7] You also asked about the applicability of the Economic Espionage Act, 18 U.S.C. § 1831. This act imposes criminal penalties on those who steal trade secrets and intentionally provide them with an intent to confer a benefit on a foreign government or some other person besides the owner of the trade secret. It seems highly unlikely that this act would ever be held applicable to conservation district employees responding to public disclosure requests. Little, if any, of the information in a farm plan is likely to be held a "trade secret". Furthermore, the Economic Espionage Act includes a specific exception for "any otherwise lawful activity conducted by a governmental entity of the United States, a State, or a political subdivision of a State". 18 U.S.C. § 1833(1). Responding to a state law requiring disclosure appears to meet the requirements of this exception.
[8] You have not directly asked us to determine whether farm plans held by the NRCS would be exempt or disclosable under FOIA. Since we do not advise NRCS or other federal agencies, it would be inappropriate for us to try to answer that question. For purposes of this analysis, we will assume that farm plans in the custody of a federal agency would be nondisclosable if a FOIA request were made to a federal agency.
[9] Obviously, there would be a serious question whether a state or local agency would have authority to agree to make its records subject to federal rather than state law. With no evidence of such an agreement, we do not reach the issue.
[10] The state Act allows parties objecting to disclosure of state public records to seek court orders protecting them from disclosure. RCW 42.17.330. State and local agencies have the option of providing notice to interested parties that release of a record has been requested. Id. Thus, either the federal government or a private party mentioned in a farm plan could conceivably litigate whether disclosure of the record would "clearly not be in the public interest and would substantially and irreparably damage any person, or would substantially and irreparably damage vital governmental functions". Id.
[11] The state supreme court also considered both "conflict" and "field" preemption in Progressive Animal Welfare Soc'y v. Univ. ofWash., 125 Wn.2d 243, 884 P.2d 592 (1994), and rejected the argument that material exempt from disclosure under FOIA is protected from disclosure by a state institution. The Court found that "because FOIA simply does not apply to state agencies, there can be no federal-state conflict of the kind that gives rise to conflict preemption". Id. at 266.