Clinton EMERSON, Plaintiff—
Appellant,

v.

MISSISSIPPI STATE PAROLE
BOARD, Chairman and Mem-
bers Defendant—Appellee.

No. 03–60591.

SUMMARY CALENDAR.

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 2004.

Clinton Emerson, #35245, pro se, Mis-
sissippi Department of Corrections, Mis-
sissippi State Penitentiary, Parchman, MS,
Plaintiff–Appellant.

Before REYNALDO G. GARZA,
HIGGINBOTHAM, and DEMOSS, Circuit
Judges.

GARZA, Circuit Judge.[1]

In this appeal we review the district
court's decision to dismiss Plaintiff–Appel-
lant, Clinton Emerson's (hereinafter "Em-
erson"), civil rights complaint for failing to
state a cause of action upon which relief
could be granted and the denial of his
post-judgment motion.

Emerson is serving a life sentence plus
fifteen years' imprisonment in Mississippi.
After being denied parole for the fourth
time, Emerson sought to appeal the Mis-
sissippi State Parole Board's decision. He
was denied because there is no appeals
process in Mississippi for decisions made
by the Parole Board. Emerson then filed
suit pursuant to 42 U.S.C. § 1983, asking
for an investigation into Mississippi's pa-
role procedures. He also claimed that the
Parole Board had violated his civil rights
by denying him parole.

The district court properly dismissed
Emerson's suit because under Mississippi
law, Emerson has no protected liberty in-
terest in parole. See MISS. CODE ANN.
§§ 47–7–3, 47–7–17; Scales v. Mississippi
State Parole Bd., 831 F.2d 565, 565–66 (5th
Cir.1987). Thus, Emerson cannot show
that he suffered the deprivation of a con-
stitutional right. Id. Emerson's also fails
to make the requisite showing for an equal
protection claim. See Thompson v. Patte-
son, 985 F.2d 202, 207 (5th Cir.1993).

Further, the district court was correct in
denying Emerson's post-judgment motion
arguing that the Administrative Procedure
Act applied to the Mississippi State Parole
Board's procedures. The Mississippi State
Parole Board is not an agency under the
meaning of the Administrative Procedure
Act. Johnson v. Wells, 566 F.2d 1016, 1018
(5th Cir.1978); Edward H. Bohlin Co. v.
Banning Co., 6 F.3d 350, 353 (5th Cir.
1993).

For the foregoing reasons, the judgment
of the district court is affirmed.

1. Pursuant to 5th Cir. R. 47.5, the Court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5th Cir.
R. 47.5.4.