**Filed 4/19/96**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

LUIS S. GONZALEZ,

   Plaintiff - Appellant,

    v.

BILL R. STORY, Warden; C.
STRATMAN, Doctor,

   Defendants - Appellees.

No. 95-1326

D. Colorado

(D.C. No. 95-S-1038)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **BARRETT**, and **LOGAN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Luis S. Gonzalez, an inmate at the United States Penitentiary - Administrative Maximum Facility ("ADX"), Florence, Colorado, brought this in forma pauperis pro se lawsuit under 28 U.S.C. § 2243, alleging Bill R. Story, ADX warden, and C. Stratman, M.D., violated his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his requests for a special medical diet.[1] He has a history of myocardial infarction, hypertension, and mild hyperlipidemia (elevated blood pressure and increased cholesterol). Martinez Report, R. Vol. I, Tab 7, at 3. While incarcerated in the United States Medical Center - Federal Prison, Springfield, Missouri, Gonzalez was on a low sodium and low cholesterol diet. He was transferred from Springfield to the ADX on March 29, 1994, and has since that time allegedly been denied such a diet. After ordering submission of a Martinez report, see Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978), and allowing Gonzalez's response, the district court dismissed his complaint as legally frivolous pursuant to 28 U.S.C. § 1915(d). On appeal, Gonzalez argues his life is in danger at the ADX because of the defendants' denial of his medical diet. Appellant's Br. at 1. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[1]Although Gonzalez styled his complaint as a petition for habeas corpus, the district court properly treated his claim as an action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), as he is asserting claims against federal officials for an alleged constitutional violation relating to his conditions of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (courts should construe actions according to the relief sought, not according to how they are styled).

## I.

A court may dismiss an in forma pauperis case "if satisfied that the action is frivolous." 28 U.S.C. § 1915(d); Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir. 1991); see also Neitzke v. Williams, 490 U.S. 319, 327 (1989) (a complaint is frivolous if the factual allegations supporting the claim are "clearly baseless" or if the claim is based on a legal theory that is "indisputably meritless"). "A court may consider the Martinez report in making its clearly baseless determination, but 'it cannot resolve material disputed factual findings when they are in conflict with the pleadings or affidavits.'" Shabazz v. Askins, 980 F.2d 1333, 1334 (10th Cir. 1992) (quoting Hall, 935 F.2d at 1109). Liberally construing pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972), we review a § 1915(d) dismissal for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

## II.

The district court found that (1) a low sodium, low fat diet, sufficient to fulfill Gonzalez's medical needs, is available to Gonzalez, but it is not specially provided to him, Order of Dismissal, R. Vol. I, Tab 10, at 4; (2) the ADX medical staff has personally advised Gonzalez on proper dieting and avoiding certain foods, id. at 3; see Martinez Report, R. Vol. I, Tab 7, at 3 & Attach. B; (3) the consulting dietitian showed him a video presentation on how to limit sugar, fat, and salt in his diet and informed him that he was

- 3 -

responsible for monitoring his own diet, Order of Dismissal, supra, at 3-4; see Martinez Report, supra, at 4 & Attach. C; (4) Gonzalez again met with the consulting dietitian who explained that the ADX does not prepare special medical diets and reminded him anew that he was responsible for selecting appropriate foods, Order of Dismissal, supra, at 4; see Martinez Report, supra, at 3-4 & Attachs. C, D;[2] and (5) the Bureau of Prisons provides diet education materials which include easy to read instructions and sample menus for low sodium and low fat diets.  Order of Dismissal, supra, at 4; see Martinez Report, supra, at 4 & Attachs. D, E.

From these findings the district court held that "the defendants have provided Mr. Gonzalez with the means to comply with the dietary requirements ordered by the medical staff," but that Gonzalez refuses to take responsibility for his own health and welfare. Order of Dismissal, supra, at 4.  Gonzalez has offered nothing to refute these findings, and nothing in his complaint places in issue the fact that the ADX food, when properly selected by him, can satisfy his medical needs.

In medical conditions cases, prison officials do not violate an inmate's Eighth Amendment rights unless they are deliberately indifferent to the inmate's serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994) (deliberate indifference requires that the prison officials knew of

---

[2]Gonzalez was further informed that the meals at ADX were in conformity with the Bureau of Prisons Program Statement 4740.03, Guidelines for Medical Diet. Martinez Report, supra, at 3-4 & Attachs. C, D.

and disregarded "an excessive risk to inmate health and safety"); Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991) (The deliberate indifference standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind.") (citing Wilson v. Seiter, 501 U.S. 294, 297 (1991)). Inmates have no constitutional right to have their food selected and placed on a tray for them. In this case the district court did not abuse its discretion by holding that Gonzalez's claim fails to state an arguable basis in law or in fact for concluding that the defendants were deliberately indifferent to his medical diet. We therefore AFFIRM the district court's order dismissing Gonzalez's claim pursuant to § 1915(d). The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge