**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

**OCT 1 1997**

**PATRICK FISHER**
**Clerk**

ALPHONSO DWANE FRAZIER, SR.,

    Plaintiff-Appellant,

v.

DEPARTMENT OF CORRECTIONS;
JOE WILLIAMS, Warden;
CORRECTIONS MEDICAL SERVICES;
TERRY DUKES, Administration;
CATHY RUTIN, Acting D.O.N; SCOTT
GRETCHEN, Dietician,

    Defendants-Appellants.

No. 97-2086

(D.C. No. 96-CV-1499)

(D. N.M.)

ORDER AND JUDGMENT[*]

Before BALDOCK, McKAY, and LUCERO, Circuit Judges.[**]

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     After examining the briefs and appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiff Alphonso Dwane Frazier, Sr., proceeding pro se and in forma pauperis, appeals the district court's dismissal of his civil rights action pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6). In his brief, Plaintiff argues that officials at the Central New Mexico Correctional Facility violated his Eighth Amendment rights by not providing him with a special diabetic diet. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

The Eighth Amendment requires that inmates be allowed access to necessary medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The amendment's mandate requires officials to provide inmates with a special diet if such an accommodation is medically necessary. See Byrd v. Wilson, 701 F.2d 592, 595 (6th Cir. 1983). However, "[I]nmates have no constitutional right to have their food selected and placed on a tray for them." Gonzales v. Story, 83 F.3d 431, 1996 WL 194741, at *2 (10th Cir. 1996) (unpublished). Plaintiff does not contend that he is unable to eat any of the food provided by the correctional facility. Indeed, Plaintiff admits that he is able to eat certain items on the facility's menu. Plaintiff's actual complaint appears to be that the prison menu does not provide him with a variety of foods to choose from.

"The [E]ighth [A]mendment assures prisoners a medically and nutritionally sound diet; it does not guarantee a pleasant culinary experience." Jackson v. Hanlon, 923 F.2d 856, 1991 WL 3056, at *1 (7th Cir. 1991) (unpublished). Plaintiff's dissatisfaction with the menu at the Central New Mexico Correctional Facility is not sufficient to support his

2

Eighth Amendment claim.  Accordingly, the judgment of the district court is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge